[No. 19259.   Department Two.—February 6, 1894.]

DANIEL FREEMAN, Appellant, *v.* ALLIE KIEFFER, Respondent, and ALLIE KIEFFER, Cross-Complainant and Respondent, *v.* DANIEL FREEMAN, and THE CENTINELA–INGLEWOOD LAND COMPANY, Appellants.

Vendor and Purchaser — Contract of Sale — Rescission By Purchaser—Fraud—Breach of Promise by Vendor—Reasonable Delay.—A delay on the part of a purchaser of land under a contract of sale to rescind the contract for fraudulent representations by the vendor as to the location and value of the land, and for breach of promises by the vendor to make certain improvements and to furnish water for the land, occurring under circumstances which do not render the delay unreasonable, will not deprive the purchaser of the right to rescind the contract.

Id.—Efforts of Purchaser to Settle Controversy—Waiver.—Efforts or willingness on the part of the purchaser to settle the controversy with the vendor growing out of the contract cannot be considered as a waiver of the purchaser's right to insist upon its rescission after such efforts have proved unavailing.

Id.—Fraud by Agent—Responsibility of Principal—Assignment—Rescission.—Where a land company was simply the agent of the plaintiff in making the contract with the defendant for the sale of the land, and the plaintiff accepted the benefit of the contract, as well as an assignment thereof from his agent, the plaintiff is equally responsible with the land company for any fraudulent representations on its part, which induced the contract, and is liable to refund the money paid under the contract which came to the hands of the plaintiff, and is bound to accept a reconveyance of the interest of the defendant in the land purchased.

Id.—Parties—Corporation Acting as Agent—Cross-Complaint—Costs.—A corporation acting as agent of the plaintiff in the contract of sale to the defendant, is a proper, although not a necessary, party to a cross-complaint by the defendant to secure a rescission of the contract, and judgment may properly be rendered against it for costs.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The action was brought originally by Daniel Freeman, as assignee of the Centinela-Inglewood Land Company, against Mrs. Allie Kieffer, to enforce a contract made by said company as vendor with Mrs. Kieffer as vendee, on the seventh day of December, 1887. The complaint was filed May 21, 1891. The contract was for the purchase

of about ten acres of land from the land company for
two thousand five hundred dollars, payable six hundred
and twenty-five dollars in cash, and the remainder in
equal annual installments of the same amount in one,
two, and three years from the date of the contract, for
which notes were given to the land company. Mrs.
Kieffer paid the cash payment of six hundred and
twenty-five dollars to the land company, and paid her
note for the installment falling due in 1888 to the plain-
tiff Freeman as assignee of the land company. She
refused to pay the note for the installments falling due
in December, 1889, on the ground that she had been de-
ceived in the purchase by false representations, and that
because of such representations and the nonperformance
of certain promises made to her she was not liable on
the contract.

The defendant, Mrs. Kieffer, filed an answer setting
up the alleged fraud in her defense, and also filed a
cross-complaint on the twenty-fifth day of June 1891,
making the land company a party to the cross-com-
plaint, praying for a judgment of rescission of the con-
tract of purchase and for cancellation of the note, and
repayment of the money, interest, and taxes paid by her
on account of the purchase, amounting to about fifteen
hundred dollars. The cause was tried before a jury, to
whom special issues were submitted, and the court made
findings in accordance with the special verdict, adjudg-
ing that the plaintiff was entitled to no relief, and that
the defendant as cross-complainant was entitled to the
relief sought. The appeal is taken by Daniel Freeman
and the Centinela-Inglewood Land Company. The court
finds substantially as grounds to support the rescission
that the land company, through its agent, induced Mrs.
Kieffer to make the contract by false representations
that the land purchased was within three-fourths
of a mile from the corner of Orchard and Grevillea
avenues in Inglewood, when, in fact, it was two miles
therefrom, and that it was of the value of two hundred
and fifty dollars per acre, when in fact it was worth only

fifty dollars per acre, and by false assurances that water
would be piped to the land, that any kind of fruit could
be raised upon it, and that a university was to be built
there, and that other improvements would be made,
and that the land company was an agency employed
by Freeman in making the sale of the lands which
originally belonged to him.  When Mrs. Kieffer paid
the second note, she knew that the college had not been
built and that the water had not been carried to the
land, but she was then assured that both these things
would be done, and that all other improvements prom-
ised would be completed.  When the third installment
fell due in December, 1889, it was tendered on condition
that the promises should be fulfilled, to carry water onto
her land, and build the college and make the other im-
provements promised, shortly after which she received
an intimation from plaintiff's attorney that the company
and Mr. Freeman did not intend to make the improve-
ments promised.  She did not learn the actual distance
of her land from Inglewood until May or June, 1890,
when she informed plaintiff's attorney of her discovery.
Mr. Freeman was personally absent from the state in
1889 and the first part of 1890, and she was unable to
see him personally until October, 1890, when she re-
quested him to rescind the contract and return her
money, or to make the improvements promised; but he
finally refused to comply with either alternative, after
repeated attempts on the part of Mrs. Kieffer to secure
a settlement.

*George I. Cochran,* and *Henry Bleecher,* for Appellant
Freeman.

The laches and conduct of the cross-complainant dis-
entitle her to relief by rescission.  (*Hollbrook* v. *Burt,*
22 Pick. 546; *Green* v. *Wingley,* 24 Me. 131; Benjamin
on Sales, sec. 547, and the cases cited in note 3; *Kokomo
Straw Board Co.* v. *Inman,* 58 Hun, 603; *Lawrence* v.
*Dale,* 3 Johns. Ch. 23, 43; *Masson* v. *Bovet,* 1 Denio, 69;
43 Am. Dec. 651; *Dennis* v. *Jones,* 44 N. J. Eq. 513; 6

Am. St. Rep. 899; *Baird* v. *New York*, 96 N. Y. 567; *Farlon* v. *Ellis*, 15 Gray, 229; *Johnson* v. *Evans*, 8 Gill, 155; 50 Am. Dec. 672,. and notes; *Hoadley* v. *House*, 32 Vt. 179; 76 Am. Dec. 167; *Saratoga R. R.* v. *Row*, 24 Wend. 74; 35 Am. Dec. 598; *Selway* v. *Fogg*, 5 Mees. & W. 83; *Blen* v. *Water Co.*, 20 Cal. 602; 81 Am. Dec. 132; *Baker* v. *Lever*, 67 N. Y. 304; 23 Am. Rep. 117; *Norfolk etc. Hosiery Co.* v. *Arnold*, 49 N. J. Ch. 390; *McLean* v. *Clapp*, 141 U. S. 429; *Taylor* v. *Short*, 107 Mo. 384; *Hennessy* v. *Bacon*, 137 U. S. 78; *Perry* v. *Pearson*, 135 Ill. 218; *Conlan* v. *Roemer*, 52 N. J. L. 53; *Davis* v. *Read*, 37 Fed. Rep. 418; *Bell* v. *Keepers*, 39 Kan. 105; *Paine* v. *Harrison*, 38 Minn. 346; *McDowell's Appeal*, 123 Pa. St. 381; *Fratt* v. *Fiske*, 17 Cal. 384; *Gifford* v. *Carvill*, 29 Cal. 593; *Williams* v. *Mitchell*, 87 Cal. 532; *Bailey* v. *Fox*, 78 Cal. 396; *Hammond* v. *Wallace*, 85 Cal. 530; *Collins* v. *Townsend*, 58 Cal. 608; 12 Am. & Eng. Ency. of Law, p. 603, and cases cited.) The cross-complainant waived her right to rescind by failing to offer to return the land and demand back the money at the time of her discovery of the so-called fraud, or until after she failed to make a compromise with the plaintiff. (*Evans* v. *Montgomery*, 50 Iowa, 325; *Rawson* v. *Harger*, 48 Iowa, 269; *Grymes* v. *Sanders*, 93 U. S. 55; Parsons on Contracts, 278; *Thompson* v. *Lee*, 31 Ala. 292; *Kimball* v. *Cunningham*, 4 Mass. 502; 3 Am. Dec. 230; *Weeks* v. *Robie*, 42 N. H. 316; *Leaming* v. *Wise*, 73 Pa. St. 173.) The cross-complainant having made, as she alleges, her contract with the Centinela-Inglewood Land Company, cannot say that the company was merely the agent of the plaintiff Freeman. (*Ferguson* v. *McBean*, 91 Cal. 63; *Chandler* v. *Coe*, 54 N. H. 561; *Gillig* v. *Lake etc. R. R. Co.*, 2 Nev. 216; Mecham on Agency, sec. 771; *Winchester* v. *Howard*, 97 Mass. 303; 93 Am. Dec. 93; *Henderson* v. *Mayhew*, 2 Gill, 393; 41 Am. Dec. 434; *Baker-Boyer Nat. Bank* v. *Hughson*, 5 Wash. St. 100.) The mere failure to perform an oral promise is not evidence of fraud unless it was intended, at the time the promise was made, not to perform it. (Bigelow on Fraud, pp. 473,

483; *Brison* v. *Brison,* 75 Cal. 527; 7 Am. St. Rep. 189; *Lawrence* v. *Gayetty,* 78 Cal. 131; 12 Am. St. Rep. 29; *Nounnan* v. *Sutter County Land Co.,* 81 Cal. 6.) The representation as to distance did not so deceive the cross-complainant as to entitle her to a rescission. (*Slaughter* v. *Gerson,* 13 Wall. 379; *Gifford* v. *Carvill,* 29 Cal. 589; *Rendell* v. *Scott,* 70 Cal. 514.) The representations as to value did not constitute fraud. (See Bigelow on Frauds, pp. 490, 491.)

*Albert M. Stephens,* for Appellant Centinela-Inglewood Land Company.

This company is not bound by the attempted rescission, as the offer to rescind was made by the cross-complainant to the plaintiff, while the contract was made with this company. (Civ. Code, sec. 1691.) Cross-complainant could hold either principal or agent, but not both, and having elected to hold the principal, Freeman, by obtaining a judgment against him for a return of the purchase money, she is bound to pursue him only. (Mecham on Agency, sec. 698; *Tuthill* v. *Wilson,* 90 N. Y. 423.) The judgment for costs against the Centinela-Inglewood Company is erroneous. The plaintiff is allowed costs in an action for the recovery of money or damages when he recovers three hundred dollars or over, and in this case no judgment has been recovered against this company. (Code Civ. Proc., sec. 1022.)

*J. L. Murphy,* for Respondent.

The rescission in this case was full and complete. (*Suber* v. *Pullin,* 1 S. C. 273; *Morrow* v. *Rees,* 69 Pa. St. 368; *Moral School* v. *Harrison,* 74 Ind. 93; *Hooper* v. *Taylor,* 4 E. D. Smith, 486.) The action itself was a sufficient rescission. (*Reese River etc. Mining Co.* v. *Smith,* L. R. 4 E. & I. App. 73; *Graham* v. *Halloway,* 44 Ill. 385; *Herrington* v. *Hubbard,* 33 Am. Dec. 426.) The delay in making the rescission resulting from negotiations for a compromise cannot be held to constitute

such laches as will bar the action. (*Hoghton* v. *Hoghton*, 15 Beav. 278, 314; *Thompson* v. *Marshall*, 36 Ala. 504; 12 Am. & Eng. Ency. of Law, 560, 561; *Nudd* v. *Powers*, 136 Mass. 273; *Daggers* v. *Van Dyck*, 37 N. J. Eq. 130; *Platt* v. *Platt*, 58 N. Y. 646.) The representations having been false the appellants should not be heard to say that this cross-complainant should not have believed them. (3 Sutherland on Damages, 586; *Fishback* v. *Miller*, 15 Nev. 428; *Harvey* v. *Hadley*, 87 Cal. 557.) The company was a proper party defendant. (*Andrews* v. *Pratt*, 44 Cal. 309; *Raynor* v. *Mintzer*, 67 Cal. 159; *Wickersham* v. *Crittenden*, 93 Cal. 133.) The defendant was a necessary and proper defendant to the cross-complaint. (*Winter* v. *McMillan*, 87 Cal. 256.) The costs were in the discretion of the court. (Code Civ. Proc.. sec. 1025; *Dupuy* v. *Leavenworth*, 17 Cal. 263.)

The COURT.—The pleadings and findings in this case are voluminous, and we do not deem it necessary to make any particular statement of the matters alleged and found. In our opinion the findings are sufficient to sustain the judgment. While there was some delay on the part of the defendant in rescinding the contract made by her with the Centinela-Inglewood Land Company, we cannot say the delay was unreasonable and such as to deprive her of the right of rescission under the circumstances shown by the findings; nor can the effort or willingness on her part to effect a settlement of the controversy between her and the plaintiff growing out of the contract be considered as a waiver of her right to now insist upon its rescission. The Centinela-Inglewood Land Company was simply the agent of the plaintiff in making the contract with defendant for the sale of the land, and the plaintiff having accepted the benefit of the contract as well as an assignment thereof from his agent, is equally responsible with the agent for any fraudulent representations which induced it, and is liable to refund to defendant the money which she has paid under the contract, and which has come

into the hands of the plaintiff. The plaintiff being the legal holder of the contract made by defendant with the Centinela-Inglewood Land Company, as well as the party for whose benefit it was made, the defendant properly offered to convey to him all her right, title, and interest in the land described, and vesting in her by that contract.

The Centinela-Inglewood Land Company was a proper, although not a necessary, party to this action, and the court did not err in giving judgment against it for costs.

Judgment and order affirmed.

Hearing in Bank denied.