[No. 19532. In Bank.—June 6, 1896.]

SOUTHERN PACIFIC RAILROAD COMPANY, APPELLANT, *v.* M. D. PAINTER, AS ADMINISTRATOR, ETC., RESPONDENT.

VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—FAILURE OF TITLE—CONGRESSIONAL GRANT—CONSTRUCTION OF CONTRACT WITH RAILROAD COMPANY—DETERMINATION AGAINST PATENT—COUNTERCLAIM.—In an action by the Southern Pacific Railroad Company to compel specific performance of a contract for the sale of land, claimed by it under congressional grant, in which it was stipulated that in case it be finally determined that patent shall not issue to it for the land sold, it would refund all money paid under the contract, it is a defense to the action, and forms the basis of a counterclaim for the recovery of the money paid under the contract, that the lands contracted for were within the overlapping limits of the grant to the Atlantic and Pacific Railroad Company, and that it has been finally determined by the land department of the United States, and by the supreme court of the United

States, that no patent should issue to the Southern Pacific Company for any land within those limits; and the contract is not to be construed as requiring a distinct final adjudication as to the specific tract agreed to be sold, which is but a small fraction of a very large tract claimed by the railroad company under the same title, but as contemplating a final decision of the question as to the railroad company's right to the tract, including the lands contracted for.

ID.—JUDICIAL NOTICE—CONSTRUCTION OF ACT OF CONGRESS—DECISION OF UNITED STATES SUPREME COURT.—All other courts are bound to take judicial notice of the decisions of the supreme court of the United States, and that it is the ultimate tribunal for interpreting and determining the effect of an act of Congress, and that its decision thereupon is binding upon all other courts.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.    LUCIEN SHAW, Judge.

The facts are stated in the opinion of the court.

*J. D. Redding,* and *John S. Mosby,* for Appellant.

If the supreme court of the United States has decided that the railroad company has no title to the section of land sold to Painter, this must be proved as a fact by the production of a properly certified copy of the record under seal. No such evidence has been offered, and the court cannot know the fact judicially without legal proof.   (Greenleaf on Evidence, secs. 501, 502.) Whenever it shall have been "finally determined" that the corporation has no title to the two sections of land sold to Painter, the defendant's right of action will accrue. (*Baltimore etc. R. R. Co.* v. *Polly,* 14 Gratt. 460; *Condon* v. *South Side R. R. Co.,* 14 Gratt. 302.) A final determination as to the title must mean a judgment that is conclusive of the rights of the parties in the subject matter of a writ. (*Washington etc. Packet Co.* v. *Sickles,* 24 How. 333; Cooley's Constitutional Limitations, 60.) There has been no such final adjudication as to the title of the United States to the Painter land. When the United States supreme court renders a decision in the case of *United States* v. *Painter* (No. 184), it will be such a final determination of the question. (*Holmes* v. *Richet,* 56 Cal. 312; 38 Am. Rep.

54; *Allen* v. *Pockwitz,* 103 Cal. 85; 42 Am. St. Rep. 99; *Anvil Min. Co.* v. *Humble,* 153 U. S. 553; *Sheffield etc. Ry. Co.* v. *Gordon,* 151 U. S. 292.) The decision of the United States supreme court in the case of *United States* v. *Southern Pac. R. R. Co.,* 146 U. S. 570, does not include or affect the lands in controversy herein. (*Graham* v. *La Crosse R. R. Co.,* 3 Wall. 704; 87 Am. Dec. 517; 73 Am. Dec. 565; *Barnes* v. *Chicago etc. Ry.,* 122 U. S. 14; *Johnson Co.* v. *Wharton,* 152 U. S. 261; *Schuler* v. *Israel,* 120 U. S. 506; Freeman on Judgments, sec. 542; 1 Greenleaf on Evidence, sec. 530; *Davis* v. *Brown,* 94 U. S. 428; *Russell* v. *Place,* 94 U. S. 608; *Bigelow* v. *Winsor,* 1 Gray, 299; *Cromwell* v. *Sac County,* 94 U. S. 351; *Stryker* v. *Goodnow,* 123 U. S. 527.)

*A. R. Metcalfe,* and *Anderson & Anderson,* for Respondent.

The facts show that these lands are within the granted limits of the Atlantic & Pacific Railroad Company, under its grant under the act of Congress of July 27, 1866, and the supreme court of the United States has decided that plaintiff has no title whatever to lands so situated. (*United States* v. *Union Pac. Ry.,* 148 U. S. 570.) The facts in this case being identical with the facts of *United States* v. *Union Pac. Ry., supra,* the law of that case is applicable to and controls this case, and is binding upon this court. *United States* v. *Union Pac. Ry., supra,* is a direct and final decision between the two parties entitled to litigate the matter, as to the status of a class of lands, and they are the very parties contemplated by the contracts in this case between whom it was to be "determined" whether " patent shall issue to the party of the first part" for the lands in this controversy. And the lands in this controversy belong to said class. This court, upon mere suggestion, will take judicial notice that the supreme court, in a suit between the plaintiff and the United States, decided that none of the land within the granted limits of Atlantic & Pacific Company passed to the plaintiff under its grant of March

3, 1871, and that it has no title to any of said lands. (Code Civ. Proc., sec. 1873, subd. 3; *Kreiger* v. *Shelby R. R. Co.*, 125 U. S. 39.) It is the question which is decided which operates as an adjudication, not necessarily the identity of the property, and the rule is the same whether the subject matter is land or certain bonds embraced within a larger issue. (*Bissell* v. *Spring Valley Tp.*, 124 U. S. 225; *Washington etc. Packet Co.* v. *Sickles*, 24 How. 333; *Baxter* v. *Myers*, 85 Iowa, 328; 39 Am. St. Rep. 298; *Cromwell* v. *Sac County*, 94 U. S. 351; *Stout* v. *Lye*, 103 U. S. 66; *Morgan* v. *Beloit*, 7 Wall. 613; *Harshman* v. *Knox County*, 122 U. S. 306; *Campbell* v. *Rankin*, 99 U. S. 261; *Wiggins Ferry Co.* v. *Ohio etc. Ry. Co.*, 142 U. S. 396; *Southern Minnesota etc. Ry. Co.* v. *St. Paul etc. R. R. Co.*, 55 Fed. Rep. 690; 6 Land Decisions, 816, 819.)

HARRISON, J.—The plaintiff entered into two several contracts with the defendant's intestate August 18, 1887, for the sale to the latter of two designated sections of land in the county of Los Angeles. The land described in the agreements was claimed by the plaintiff as a portion of a grant to it by the United States by virtue of the act of March 3, 1871. At the date of the agreements no patent had been issued therefor, and each of the agreements contained the following covenant:

"In case it be finally determined that patent shall not issue to said party of the first part for all or any of the tracts herein described, it will upon demand repay (without interest) to the party of the second part all moneys that may have been paid to it by him on account of any such tract as it shall fail to procure patent for."

The defendant's intestate paid to the plaintiff twenty per cent of the purchase money, with one year's interest upon the remainder, at the execution of the agreements, and by their terms was to pay the balance of the purchase money, with interest thereon at the rate of ten per cent per annum, on or before August 18, 1892. No

nation of the question, the plaintiff's liability under the covenant would be also determined; and that, if that question was determined adversely to the plaintiff, it would thereupon repay the money. In the case of *United States* v. *Southern Pac. R. R. Co.*, *supra*, the question for determination was the right of the plaintiff herein to any of the lands within the limits of the grant to the Atlantic & Pacific Railroad Company, under the act of July 27, 1866, and the court then held that it had no right to any of those lands, and that the act of 1871 gave no right thereto. Upon the stipulation in the present case, that the lands described in the agreements are within the limits of the grant of July, 1866, and that the plaintiff has no title or claim thereto save that derived under the act of March 3, 1871, the superior court had no alternative than to apply the law as thus declared by the supreme court of the United States, and to hold that the question of the plaintiff's right to a patent for said lands had been finally determined adversely to the plaintiff. The supreme court of the United States is the ultimate tribunal for interpreting and determining the effect of an act of Congress, and all other courts are bound to take judicial knowledge as well of its interpretation of the act as of the act itself. The interpretation and construction of an act of Congress by the supreme court is determinative of the law which Congress has enacted, and is binding upon the judiciary of the several states, as well as of the United States; and the courts of the several states take judicial notice of the opinions of the supreme court of the United States, and of the law as declared therein, in the same way, and to the same extent, that the superior courts of this state take judicial notice of the opinions of this court.

The judgment and order are affirmed.

Garoutte, J., Temple, J., and Henshaw, J., concurred.

VAN FLEET, J., dissenting.—I dissent. The contracts sued on are in all respects similar to those involved in the case of *Southern Pac. Co.* v. *Allen*, 112 Cal. 445; and the material facts are the same as in that case, except as herein noted.

The case was submitted upon an agreed statement of facts, the substance of which was as follows: The plaintiff's only claim to the land in question was under the act of Congress of March 3, 1871, granting lands to it for its branch line. The said lands lie within the limits of that grant, and also within the limits of the grant made by the act of Congress of July 27, 1866, to the Atlantic & Pacific Railroad Company, at the crossing of the lines of said railroads as definitely located. That the lands are unsurveyed, and no steps have been taken by plaintiff to obtain a patent for the same. "That there is now pending, and was pending at the time that the case of *United States* v. *Southern Pac. R. R. Co.*, 146 U. S. 570, was decided, a suit in the circuit court of the United States," brought by the United States against the parties to this action for trespass on said lands, and to quiet the title thereto. That the defendant's intestate took possession of said lands, but that defendant has exercised no acts of ownership over the same.

The court found that plaintiff never owned and never had any interest in the lands, and is not ready, willing, or able to perform the agreements in question, and never will be able to perform the same; and further found: "That it has been finally determined by the supreme court of the United States, and by the land department of the United States, that patent shall not issue from the United States to plaintiff" for any of the lands in question.

We held in *Southern Pac. Co.* v. *Allen, supra*, that the plaintiff was entitled to recover in such an action, unless it had been "finally determined" that a patent should not issue to plaintiff. The only question now to be determined, therefore, is, whether the finding of the

court here that such final determination has been had is justified by the evidence.

There is no evidence in the case other than that contained in the agreed statement, and I fail to find in that statement any evidence of any determination, final or otherwise, that patent shall not issue to plaintiff. Counsel for respondent refers to the case of *United States* v. *Southern Pac. R. R. Co., supra,* in which case, they say, the supreme court of the United States decided that the Southern Pacific Railroad Company has "no title of any kind" to the lands within the overlapping limits of the two grants above referred to. It is not contended that the particular lands here in question were involved in the issues of that case; but counsel contend, under the authority of *Bissell* v. *Spring Valley Tp.,* 124 U. S. 225, and other cases, that the judgment in that case concludes the plaintiff, by way of estoppel, from claiming title to *any* lands within those overlapping limits, and, therefore, amounts to a final determination that patent shall not issue to plaintiff for the lands in question.

The question thus raised is one of great delicacy. This court is, in effect, asked to say that the supreme court of the United States *cannot* reconsider its views on that question, but must, should the question of the title to these lands come before it, hold itself absolutely concluded by its former decision in a case involving entirely different lands. We should hesitate long before assuming thus to set bounds to the power of that court; but the exigencies of this case do not, in my judgment, require any decision of that question. Under these contracts, the defendant is bound to make the payments agreed upon, unless it *has been* "finally determined" that a patent shall not issue. Whatever our views may be as to the effect of the decision referred to, it is at least possible that the supreme court of the United States may hold, when the question comes before it, that plaintiff *is* entitled to a patent for these lands. It is evident, then, that the decision is not a final determination of the question here involved. At the most,

it could only be used to show what that final determination *will be* when rendered; but it is not, in itself, a determination that patent shall not issue for the lands involved in this action.

But, if that were not so, still defendant cannot avail himself of that case; for there is no evidence in the record that any such judgment was ever rendered as would bind the plaintiff, even by way of estoppel. It is true that the agreed statement incidentally refers to a " case reported in 146 United States Reports, page 570," but no facts are stated showing that the plaintiff was actually a party to that suit, or what the issues therein were, or whether the court had any jurisdiction of the parties. Still less is it shown that the defendant here was a party or privy to that suit, or would be bound by the judgment therein. Such a loose incidental mention of a decision by an appellate court is not evidence on which a finding of estoppel by judgment should be predicated.

But counsel for respondent contend that the judgment in that case is an " official act of the judicial department of the United States," of which this court must take judicial notice, under subdivision 3 of section 1875 of the Code of Civil Procedure, and that the one hundred and forty-sixth volume of the reports of the supreme court of the United States is an " appropriate book of reference" to which this court may resort for that purpose. If that be so, a great and hitherto unnoticed change in the rules of evidence has been wrought by the section referred to. According to that construction, a party relying on a judgment of any court of this state, or of the United States, may abstain entirely from producing the record, or, indeed, any evidence of such judgment, and may require the court to ascertain the fact for itself. But section 1905 of said code expressly requires such records to be proved by the production of the original or of a certified copy thereof; and, as that section is contained in the chapter of the code upon

this very subject, its provisions must prevail as to that subject over those of section 1875, which is contained in another chapter of a more general scope. (Pol. Code, sec. 4482.) It is, therefore, not necessary to determine here precisely what are the " public and private official acts of the judicial departments of this state and of the United States" referred to in section 1875. If these words include the judgment of a court in an action *inter partes*, and the various steps in the action leading up to that judgment, that section would so far conflict with section 1905, and the latter must prevail.

It should be further noted that, if the defendant in this action was not a party to the suit in question (and there is no evidence that he was a party thereto), *he* would not be estopped by the judgment therein, and would be entitled, in the pending suit mentioned in the agreed statement, to claim that a patent should issue to plaintiff for his benefit. In that event, it is certainly possible that such patent may yet be issued. Defendant is, therefore, not entitled to rely upon any supposed estoppel as between the United States and plaintiff. In any point of view, then, the finding in question is unsupported by evidence.

The finding that plaintiff never will be able to perform its agreement, for the reason that it has no title or interest in the lands in question, is also unsupported by the evidence. The question of plaintiff's title, in a general sense, is wholly irrelevant. Plaintiff contracted to convey, not the title it had, nor a title to be pronounced good by a court, but such title as the United States should thereafter convey by its patent. The contract, by its terms, was to continue in force until it should be finally determined that patent should not issue. That determination can be made only by some competent tribunal of the United States; and it is not for any court of this state to say, in an action like the present, how that question will or should be determined.

CXIII. CAL.—17

For these reasons I think the judgment and order should be reversed and the cause remanded for a new trial.

McFARLAND, J., concurred.