OWEN v. POMONA LAND AND WATER COMPANY.*

L. A. No. 637; June 15, 1900.

61 Pac. 472.

**Appeal—Matters Reviewable.**—Under Code of Civil Procedure, sections 656, 657, defining a new trial as "a re-examination of an issue of fact in the same court after a trial and decision," the supreme court, on appeal from an order denying a motion for a new trial, may review questions as to the sufficiency of the evidence to support the findings and errors of law excepted to, occurring during the trial, but cannot consider the sufficiency of the complaint, nor whether or not the findings support the judgment.

**Vendor and Vendee—Railroad Lands.**—By act of Congress of July 27, 1866, land was granted to a railroad company, and by act of Congress of March 3, 1871, the same land was granted to a different railroad company. By decisions of the supreme court, the railroad company claiming under the prior grant was held to be the owner of the land. Held, that a grantee of the company claiming under the subsequent grant obtained no title, and a purchaser from it was entitled to rescind a contract of sale, irrespective of acts of Congress attempting to cure title in such company.

**Vendor and Vendee—Tender and Rescission by Latter.**—Under Civil Code, section 1501, providing that all objections to the mode of an offer of performance are waived by the creditor if not stated when the offer is made; and under Code of Civil Procedure, section 2076, providing that a person to whom a tender is made must specify at the time any objection he may have, or be deemed to have waived it, where a grantee in a contract of sale tendered to his grantor possession of land the title to which had failed, but coupled with the tender a condition that the grantor should first pay him the value of improvements thereon, to which condition the grantor did not object

---

*For subsequent opinion in bank, see 131 Cal. 530, 63 Pac. 850, 64 Pac. 253.

at the time, the defect in the tender was waived, and the rescission was good.

**Vendor and Vendee—Delay in Rescission by Vendee.**—Where a grantor's title was derived from one of two conflicting congressional grants, the other of which had been held to be paramount by decisions of the federal supreme court, the fact that this grantee waited from January 1894, to August, 1896, before he rescinded the contract of sale for failure of title in reliance on the grantor's repeated promises to obtain an act of Congress to cure the defect, and to fix up the title, was not such an unreasonable delay as to amount to laches.

**Vendor and Vendee.**—Where, in a Suit to Rescind a Sale of real estate for failure of title, and of stock in a corporation for misrepresentation, the complaint alleged that plaintiff had no knowledge of such defect, and relied on defendant's representations and guaranties, which allegations were not denied in the answer, the trial court was justified in finding that such allegations were true.

**Vendor and Vendee—Improvements.**—Where, in a Suit to Recover the Value of improvements placed on real estate, the parties stipulated to submit the valuation to appraisers, and such appraisement and stipulation were offered in evidence, on which the court based its finding of value, complaint could not be made on appeal that there was no evidence to support the finding.

**Vendor and Vendee—Improvements.**—Civil Code, Section 3306, providing that, in case of bad faith, the detriment caused by the breach of an agreement to convey real estate shall be the difference between the price agreed and the value of the estate at the time of the breach, did not apply to an action to rescind a contract of sale of land for failure of title, and plaintiff was entitled to recover the value of improvements placed on the real estate, regardless of whether or not they enhanced the value of the real estate in a corresponding amount.

**Vendor and Vendee—Rescission.**—Where the Parties to a Suit to Rescind a contract for the sale of land and corporate stock stipulated that defendant corporation had published a prospectus of its lands, one of which plaintiff received, it was harmless error to admit the stipulation in evidence, over defendant's objection that the prospectus was incompetent, where the prospectus itself was not offered.

**Vendor and Vendee—Rescission.**—In a Suit to Rescind a Contract for the sale of real estate for failure of title and of corporate stock for misrepresentation, the court properly admitted in evidence an application for the purchase, signed by plaintiff and defendant corporation, which contained representations as to the stock, and recited that a portion of the purchase price of the land and stock was paid, and that the balance was to be paid within ten days after

certificate of title, as the recitals tended to prove an agreement to give a good title, and the application was properly construed with the contract.

**Vendor and Vendee—Rescission.**—Where a Complaint to Rescind a Sale of real estate for failure of title alleged a tender of the balance due on the purchase money, which the answer did not deny, and the parties had stipulated that such tender was in fact made, it was not error to exclude evidence offered by defendant to show that the tender was but a mere pretense.

APPEAL from Superior Court, San Bernardino County.

Action by John A. Owen against the Pomona Land and Water Company to rescind a sale of land and corporate stock for failure of title and breach of warranty. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

John S. Chapman and A. P. Nichols for appellant; Otis & Gregg and John A. Owen for respondent.

COOPER, C.—This action was brought to rescind and cancel a contract for the sale of certain land and stock in a corporation, and to recover the amount paid by plaintiff upon the purchase price, with interest, and the value of certain improvements and amounts paid for taxes, and for a decree that the plaintiff has a lien upon the premises for the amount that may be found to be due. Plaintiff recovered judgment, and defendant made a motion for a new trial, which was denied. This appeal is from the order denying defendant's motion, and comes here on the judgment-roll and a statement of the case.

Upon this appeal we cannot consider the sufficiency of the complaint, nor whether or not the findings support the judgment. We can only consider questions as to the sufficiency of the evidence to support the findings and errors of law occurring during the trial, and excepted to by the defendant: Brison v. Brison, 90 Cal. 327, 27 Pac. 186; Riverside Water Co. v. Gage, 108 Cal. 243, 41 Pac. 299. As the discussion is thus narrowed, we will consider the main propositions in what we deem to be their regular order, regardless of the arrangement in the briefs of counsel.

The defendant had, by an agreement in writing, covenanted to convey to plaintiff, by good and sufficient conveyance, the lands described in the complaint, and certain corporate stock

representing 2.032 inches of water, at the time therein stated, and upon payment of the amount therein named. Under this agreement the plaintiff went into possession of the land described in the contract, erected valuable improvements thereon, and made certain partial payments therefor. The complaint alleges that the title of defendant to the land has failed, that it could not convey a valid title, that plaintiff rescinded the contract, and that he has been damaged in a large amount. One of the most important questions to be determined is as to whether or not the title of defendant failed, or was not a valid and sufficient one. The court found that the defendant "did not have, has not now, and never did have, any valid title to the lands described in said contract, or to any part thereof." Several pages of defendant's brief are devoted to the argument that this finding is not supported by the evidence. The finding is based upon a stipulation agreed to by defendant, and introduced in evidence, which is as follows: "That the lands involved in this action are part of those included in the provisions of the act of Congress of of July 27, 1866, purporting to grant them to the Atlantic and Pacific Railroad Company, and also in the act of Congress of March 3, 1871, purporting to grant them to the Southern Pacific Railroad Company; that, under the supposed authority of said act of March 3, 1871, a patent was issued by the President of the United States, April 14, 1879, purporting to grant said lands to said Southern Pacific Railroad Company, which patent is recorded in the office of the recorder of said San Bernardino county, and which patent was in the usual form; that the said Southern Pacific Railroad Company on the 18th of May, 1882, entered into a contract with one M. L. Wicks to convey to him the lands in question; that afterward said Wicks assigned said contract to defendant, who afterward complied with the terms thereof, and said Southern Pacific Railroad Company, on the 18th of November, 1886, executed a deed which purports to convey said lands to defendant; said deed is recorded in book 51 of Deeds, at page 16, in said recorder's office (Defendant's Exhibit I) ; that defendant's only right and title to said lands is that derived under the chain of title above set forth, with such remedial legislation, if such legislation is necessary to the establishment of title of defendant, as may be found in any act of Congress applicable to the case."

It will be seen from the stipulation that defendant's only title is derived from the Southern Pacific Railroad Company, and that the lands were included in the prior grant of Congress of July 27, 1866, granting them to the Atlantic and Pacific Railroad Company.

It has been held by the supreme court of the United States that the title to those lands passed to the Atlantic and Pacific Railroad Company by the prior grant, and that the Southern Pacific Railroad Company had no title thereto (United States v. Southern Pac. R. Co., 146 U. S. 570, 36 L. Ed. 1091, 13 Sup. Ct. Rep. 152, 146 U. S. 615, 36 L. Ed. 1104, 13 Sup. Ct. Rep. 163) ; and it was expressly so held by this court in Southern Pac. R. Co. v. Painter, 113 Cal. 251, 45 Pac. 320. It is not necessary to decide the question as to whether the defendant's title could have been cured and confirmed under the acts of Congress of 1887, or of March 2, 1896. It does not appear that it was so cured or confirmed, and it was not the duty of plaintiff to take any steps to perfect defendant's title.    Under the contract the plaintiff was entitled to a valid title.    He was entitled to a title unencumbered, and without any palpable defects, free from litigation and grave doubts: Easton v. Montgomery, 90 Cal. 314, 25 Am. St. Rep. 123, 27 Pac. 280; Turner v. McDonald, 76 Cal. 179, 9 Am. St. Rep. 189, 18 Pac. 262.

Defendant devotes a large part of his brief in endeavoring to show that finding numbered 26 is not supported by the evidence.    This finding is to the effect that plaintiff, after discovering the defect in defendant's title, rescinded the contract, and tendered to defendant a reconveyance and possession of the property, upon the defendant paying plaintiff the amount due him for improvements and payments made on account of the purchase.    The finding is quite lengthy, covering some seven folios of the transcript, and contains all the probative facts which are claimed to show that plaintiff rescinded the contract.    It is claimed that the evidence is insufficient to justify the finding.    We have examined the evidence, and we think it sufficient.    The probative facts claimed to show that the contract was rescinded are fully found and set forth. As to whether or not they did amount in law to a rescission cannot be considered on this appeal.    It is found that no objection was at any time made as to the character or form of the rescission.    When plaintiff tendered defendant possession

upon conditions, if there were objections to the conditions
the defendant waived them by not specifying them: Civ.
Code, sec. 1501; Code Civ. Proc., sec. 2076; Kofoed v. Gordon,
122 Cal. 320, 54 Pac. 1115.

It is claimed that the plaintiff did not rescind in time, and
was therefore guilty of laches. The court found in the con-
clusions of law that plaintiff had not been guilty of laches
in the rescission of the contract. This conclusion is based
upon the other facts found and upon the facts admitted by
the pleadings, and we think is fully justified. The complaint
alleges that on the day fixed in the contract, to wit, January,
1894, plaintiff offered to, and was ready and willing to, make
final payment for the said lands upon the defendant giving
him a good title; that immediately thereafter defendant
"commenced to assure plaintiff, and from time to time prom-
ised him, it could and would acquire title to said lands for
plaintiff; that plaintiff need have no concern or do anything
about it, that it would be all right"; that plaintiff relied upon
such promises and assurances, and believed that defendant
would, under the acts of Congress, perfect its title to said
lands. These promises are expressly admitted by defendant
in its answer. The testimony of plaintiff is that the reason
he did not rescind sooner was that he believed and relied
upon these promises. We do not think, under the circum-
stances, that the delay was unreasonable: Freeman v. Kieffer,
101 Cal. 254, 35 Pac. 767; Callender v. Colegrove, 17 Conn. 28.

The fifth finding is to the effect that the plaintiff had no
knowledge of the title to said land or the amount of water
represented by the stock agreed to be conveyed to plaintiff,
except as he was informed of the same by the defendant. It
is said that there is no evidence in the record to support this
finding. Plaintiff testified that he had no knowledge of the
defect in the title until some time in 1893. The complaint
alleges that plaintiff had no knowledge of the title except as
informed by defendant, and that he relied upon the represen-
tations and guaranties of defendant. The answer does not
deny that plaintiff had no knowledge of the amount of water
represented by the stock, nor does it deny that plaintiff relied
upon the representations as to title made to him by defendant.
The finding that the value of the improvements made by the
plaintiff upon the land was $6,250 is challenged as being un-
supported by the evidence. The parties entered into a

written stipulation that appraisers named should appraise and fix the value of the improvements. The appraisers did fix the value at $6,250, and the stipulation and appraisement were admitted in the evidence. The evidence supports the finding.

In the seventh finding it is found that by reason of the improvements the premises were worth $6,250 more than they would have been without the improvements. It is earnestly urged that this finding is not supported by the evidence. Under the view we take of the case, the finding is wholly immaterial. If the plaintiff in good faith, relying on his contract, and without fault on his part, placed improvements upon the land of the value of $6,250, and the defendant failed to carry out its contract under such circumstances as to justify the plaintiff in rescinding, then plaintiff was entitled to recover the value of his improvements, regardless of the question as to whether or not they made the place worth $6,250 more than it would have been without them: Maupin, Real Est., p. 668; 2 Suth. Dam., 2d ed., secs. 587, 589, and notes; Gates v. McLean, 70 Cal. 50, 11 Pac. 489; Worley v. Nethercott, 91 Cal. 517, 25 Am. St. Rep. 209, 27 Pac. 767.

This is not an action merely to recover damages for the breach of an agreement to convey, and therefore section 3306 of the Civil Code does not lay down the rule as to the amount to which plaintiff is entitled to recover in this action.

To discuss the many objections to the thirty-seven separate findings in this record would serve no useful purpose. We have discussed the principal and most vital findings, and as to the others they are supported by the evidence in all cases where they are material. We would not be justified in reversing a case because of insufficiency of evidence to sustain a finding which is not material.

During the trial the parties stipulated "that the pamphlet filed herewith, marked 'Plaintiff's Exhibit B,' entitled, 'Southern California: Pomona, Illustrated and Described,' was published by the defendant in 1888, and circulated by it from that time for several years among those visiting Pomona and contemplating the purchase of lands near that place, and that plaintiff received from the defendant one or more copies thereof before January 14, 1891." Plaintiff offered in evidence the stipulation, and defendant objected upon the ground that the pamphlet was irrelevant and immaterial, and the objection was overruled. It does not appear that the

pamphlet was ever offered or read in evidence. The objection was to the stipulation, and without the pamphlet the stipulation certainly was harmless. The record does not even show that the stipulation was read in evidence. A similar stipulation was made with regard to an application to purchase the lands, which application was signed by plaintiff and the agents of defendant, marked "Plaintiff's Exhibit C." Plaintiff offered, in connection with the last stipulation, said Exhibit C, and defendant objected to both the stipulation and the exhibit. Conceding that Exhibit C was read in evidence, which does not appear from the record, we do not think the ruling error. It tended to show that defendant represented to plaintiff that the stock would convey or carry with it 2.032 inches of water. It showed when the first $150 was paid upon the contract to purchase. It showed that the first payment was to be made within ten days after certificate of title. This certainly tended to prove the agreement to give a good and sufficient title. The application of plaintiff to purchase was made and dated on the same day as the contract or agreement to sell. It described the same land, and was in fact part of the same transaction. Both the application and the contract should be read together. If they are in any respects inconsistent, they should, if possible, be reconciled. If they are precisely the same, then no injury could possibly have been done by admitting the application in evidence.

When plaintiff was on the stand as a witness the defendant asked him several questions in cross-examination as to where he got the money with which to make the alleged tender in August, 1896, and if in fact he did not have one of the directors of the bank go with him with the money to make a mere show of a tender. The court properly sustained objections to those questions. The tender was alleged in the complaint, and not denied in the answer. And it was stipulated "that the several offers, tenders and propositions purporting to have been then and there made were in fact so made by the respective parties hereto." We have examined the other alleged errors of law, and we find no error to the injury of defendant that would justify a reversal of the case. We advise that the order be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is affirmed.