[Civ. No. 235.  Second Appellate District.—July 9, 1906.]

## SOUTHERN PACIFIC RAILROAD COMPANY, Respondent, v. M. M. BOVARD, Appellant.

CONDITIONAL CONTRACT OF SALE—RAILROAD INDEMNITY LANDS—FORECLOSURE—UNDECIDED RIGHT TO PATENT—FINDING SUPPORTED.—Where a contract to sell railroad indemnity lands of the Southern Pacific Railroad Company, under an approved selection, required payment of purchase money, and provided for a deed, when patent was obtained, and that if patent was not obtainable, all moneys paid should be returned without interest, in an action to foreclose the rights of the purchaser for nonpayment of purchase money, where the defense was that it had been finally decided that the railroad company was not entitled to a patent, and return of purchase money paid was demanded, *held,* that a finding that it has not been so decided is supported, and the judgment of foreclosure should be affirmed.

ID.—RAILROAD GRANTS—DECISIONS AS TO PLACE LIMITS INAPPLICABLE TO INDEMNITY SELECTIONS.—The decisions of the federal and state supreme courts to the effect that the grant to the Southern Pacific Railroad Company of March 3, 1871, did not include land within the limits of the grant made by the act of 1866 to the Atlantic and Pacific Railroad Company, refer only to lands within the twenty-mile limit of the former company falling within the like limits of the latter, and have no application to indemnity lands granted to the Southern Pacific Railroad Company, to which the title accrues only upon selection, and which may be selected from any public lands of the United States within the indemnity limits, though falling also within the former place limits of the Atlantic and Pacific Railroad Company's grant.

APPEAL from a judgment of the Superior Court of San Bernardino County.  Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

M. C. Hester, for Appellant.

Wm. Singer, Jr., and Guy Shoup, for Respondent.

SMITH, J.—The suit was brought to foreclose the rights of the defendant under a contract for the sale of the land in question, made by the plaintiff to the defendant March 9,

1887. Judgment was entered in favor of the plaintiff, requiring the defendant to pay the plaintiff the sums due on the contract, amounting to $2,681.19, with interest, etc., within thirty days of the date of the decree, or otherwise to be foreclosed of his rights under the contract. The defendant appeals from the judgment.

By the terms of the agreement the plaintiff agreed to sell and the defendant to buy the land described in the contract for the sum of $1,536.70, payable with interest, as follows: $307.34 and one year's interest in advance, on the remainder, $86.06, on the execution of the contract; and the balance with interest at seven per cent March 9, 1892. It was further provided that a deed should be executed upon receipt of a patent, and in case it should appear that plaintiff was not entitled to a patent, all moneys paid should be returned without interest. The defense is, in effect, that it has been finally determined by the decisions of the supreme court of the United States that plaintiff is not entitled to a patent; and in a cross-complaint, the defendant seeks to recover the amount paid under the contract.

The land in question "is within the place limits of the grant made to the Atlantic and Pacific Railroad Company by act of Congress approved July 27, 1866; and is also within the indemnity limits of the grant made to the Southern Pacific Railroad Company by act of Congress approved March 3, 1871; and was selected by said Southern Pacific Railroad Company in due form under the act of March 3, 1871." This selection was approved by the register and receiver of the United States land office at Los Angeles on October 3, 1887; but it appears from the stipulation that the selection was set aside by order of the Secretary of the Interior and the Commissioner of the General Land Office on April 15, 1898, and the lands included in the selection, including the land in controversy, restored to the public domain. It is found by the court, that it has not been determined by the decisions of the supreme court of the United States, or otherwise, that plaintiff is not entitled to a patent; and whether upon the facts stipulated this finding can be sustained is the only question involved.

The contrary is claimed by the appellant upon the authority of *United States* v. *Southern Pac. R. R. Co.* (146 U. S. 570, [13 Sup. Ct. 152], 142 U. S. 615, [13 Sup. Ct. 163]),

and *Southern Pac. R. R. Co.* v. *Painter* (113 Cal. 251, [45 Pac. 320]), where it is held, in effect, that the grant to the Southern Pacific Railroad Company by the act of March 3, 1871, did not include land within the limits of the grant made by the act of 1866 to the Atlantic and Pacific Company. But these decisions refer only to lands within the twenty-mile limit of the Southern Pacific Railroad falling within the like limits of the Atlantic and Pacific. They have no application to indemnity lands, to which the title accrues only upon selection, and which may be selected from any public lands of the United States within the indemnity limits. (*United States* v. *Southern Pac. R. R. Co.*, 146 U. S. 615, [13 Sup. Ct. 163]; *Southern Pac. R. R. Co.* v. *United States*, 183 U. S. 519, [22 Sup. Ct. 154]; *Ryan* v. *Railroad Co.*, 99 U. S. 382; *Southern Pac. Co.* v. *Lipman*, 148 Cal. 480, [83 Pac. 445].)

We are of the opinion that the judgment must be affirmed, and it is so ordered.

Allen, J., and Gray, P. J., concurred.