[L. A. No. 1704. Department Two.—April 1, 1907.]

## PHILIP L. WILSON, Respondent, v. SOUTHERN PACIFIC RAILROAD COMPANY, Appellant.

PUBLIC LANDS — RAILROAD GRANT — RESERVATION WITHIN INDEMNITY LIMITS.—*Southern Pacific R. R. Co.* v. *United States,* 168 U. S. 1, followed to the effect that lands within the indemnity limits of a railroad grant, which were reserved at the time of the grant but

subsequently restored to the public domain, could not, after such restoration, be selected by the railroad company in lieu of losses within the primary limits of its grant.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

William Singer, Jr., and Guy Shoup, for Appellant.

Frederick W. Houser, and Camp & Lissner, for Respondent.

HENSHAW, J.—This is an action by plaintiff to recover from defendant moneys paid on account of the purchase of lands. In its nature it is like the cases of the *Southern Pacific R. R. Co.* v. *Lipman,* 148 Cal. 480, [83 Pac. 445], and *Wilson* v. *Southern Pacific R. R. Co.,* 135 Cal. 421, [67 Pac. 688], where the facts will be found sufficiently stated.

In this case plaintiff contends that it has been finally determined that patent shall not issue to the defendant, and that therefore he is entitled to his recovery. This contention he charges in two counts, the first based upon decisions of the supreme court of the United States, the second upon the fact that patent has actually issued to him.

The first of these propositions is the only one that requires consideration. The court found that it had been finally adjudicated, and decided that patent was not to issue to the defendant. Its conclusion was based upon the decision of the supreme court of the United States in *Southern Pacific R. R. Co.* v. *United States,* 168 U. S. 1, [18 Sup. Ct. 18]. By appellant it is contended that while it is true that a part of the land in controversy in that case was within the indemnity limits of the branch-line grant to the Southern Pacific, there was no discussion whatever of the question whether lands within the indemnity limits of a railroad grant, which were reserved at the time of the grant, but subsequently restored to the public domain, could, after such restoration, be selected by the railroad company in lieu of losses within the primary limits; that such was what was actually done in the case at bar, and the right of the railroad company so to do,

and the investment of title in the railroad after so doing, are matters which have never been adjudicated against appellant's contention, and certainly not by the decision in the 168 U. S.

It is true that the question as to the precise lands here in controversy has never been decided, but, as was said in *Southern Pacific R. R. Co.* v. *Painter,* 113 Cal. 247, [ 45 Pac. 320], such a determination as to the precise lands in controversy is not necessary, if there be a determination touching lands in all respects of like character. In *Southern Pacific R. R. Co.* v. *United States,* 189 U. S. 447, [23 Sup. Ct. 567], some of the lands were within the indemnity limits of the same branch-line grant involved in the case at bar. They were within the place limits of the Texas Pacific grant, which grant was expressly given the same precedence that was accorded to the Atlantic and Pacific grant under the act of 1866. It would seem, therefore, that the situation of the lands was identical with that here presented, and it seems so to have been regarded by the supreme court of the United States. The right to make a selection of indemnity lands within the forfeited place limits of the primary grant to the Texas Pacific Company was presented and argued. The supreme court said: "The Texas Pacific grant was declared forfeited by the act of February 28, 1885, c. 265, (23 Stats. 337,) and this forfeiture inured to the benefit of the United States. (*United States* v. *Southern Pacific R. R. Co.,* 146 U. S. 570, [13 Sup. Ct. 152].) It is argued further, however, that if the Southern Pacific did not get the lands in question under its primary grant it may take a part of them as indemnity lands. It is said that the company has a right to take them for that purpose if the *status* of the lands at the time of the selection permits it. (*Lyon* v. *Central Pacific R. R. Co.,* 99 U. S. 282.) That contention seems to have been disposed of by *Southern Pacific R. R. Co.* v. *United States,* 168 U. S. 1, 47, 66, [18 Sup. Ct. 18], and the practice of the land department for many years has been inconsistent with it. (*Southern Pacific R. R. Co.* v. *Moore,* 11 L. Dec. 534; *Moore* v. *Kellogg,* 17 L. Dec. 391; *Smead* v. *Southern Pacific R. R. Co.,* 29 L. Dec. 135.) When it is decided that the company got no title to the land within its twenty-mile limit, it would be contrary to the intimations of the cases to allow it to

take the adjoining strip outside under a claim of indemnity. (See *Bardon* v. *Northern Pacific R. R. Co.*, 145 U. S. 535, 545, [12 Sup. Ct. 856]; *Clark* v. *Herington*, 186 U. S. 206, [22 Sup. Ct. 872].) It is not clear that the language of the statute does not forbid it.''

We can construe this language in no other way than as an adjudication by the highest authority upon the interpretation to be given to its decision in the 168th volume of its reports, and as the question relates to the public domain and the construction of acts of Congress, the decisions of that court are, it is unnecessary to say, binding authority upon this. For which reason the judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.