Judge Ewing
delivered the Opinion of the Court.
Frogg’s executors brought an action of debt against Long’s administrator, upon a contract executed by Long in his lifetime, to their testator. Long’s administrator pleaded in abatement, a prior action in the same court, for the same cause. Frogg’s executors replied, at a succeeding term, that, before the commencement of this action, the defendant had put in a plea-in abatement to the former action, and that after the filing of the plea herein, but before the filing of the replication, said former suit was discontinued by the order of the plaintiff. To which replication the defendant demurred, and the demurrer was sustained by the court, and judgment rendered against the executors, for costs.
Two points only are involved in this case: first— whether the court erred in sustaining the demurrer; second — did they err in giving judgment for costs against the executors?
It is well settled, that if the plea of a prior action depending for the same cause, be pleaded, and be true at the time when it is filed, that it cannot be defeated by a subsequent discontinuance of the prior action. 1 Chitty, 443; 1 Salk. 329; 2 L. Raym. 1014.
The same principle has been settled by this court, in analogous cases. Though there may be some loose dicta to the contrary, it has not assumed the shape of authority, such as would warrant this Court in uprooting the settled doctrine of the law upon this subject. The fact of a plea in abatement having been put in prior to the action, can make no difference. The suit was still pending.
But the Circuit Court erred in giving judgment for costs against the executors. There was no wantonness *158 displayed by them, or disposition manifested, wilfully and without cause, to harrass and vex the defendant— such as would, take this case out of the operation of the general rule exempting executors from costs in suits brought upon the contracts of their testator.
They were seeking a recovery on a contract, and the defendant was striving, by dilatory pleas, which are not to be favored, to defeat them. Costs should not have been given against them. Lit. Rep. 387; 2 J. J. Marshall, 501.
It is therefore considered by the Court, that the judgment for costs be reversed.