# JOHN P. PHILLIPS

*v.*

# REBECCA J. QUICK.

PENDENCY OF ANOTHER SUIT FOR SAME CAUSE. Where a suit, brought before a police magistrate since the adoption of the present constitution, upon a demand of $300, was appealed to the circuit court, and judgment rendered in favor of the plaintiff for $300.90, and this reversed by this court on the ground that the constitution abrogated all special laws giving increased jurisdiction to justices of the peace, and after such reversal the plaintiff brought a second suit for the same cause of action without a final disposition of the former suit in the circuit court, and the pendency of the same was pleaded in abatement: *Held*, that the former suit being a nullity, the plaintiff was at liberty, at any time after it was commenced, to bring another action for the same cause, and that the plea could not be sustained.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit, by Rebecca J. Quick, against John P. Phillips, upon a promissory note. The facts are stated in the opinion.

Messrs. CASEY & DWIGHT, for the appellant.

Messrs. MERRITT & WATTS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The only question presented by this record is, as to the correctness of the finding by the court below of an issue of fact in favor of the plaintiff, upon the plea of another suit pending for the same cause of action.

The present suit was commenced December 16, 1872.

The evidence in support of the plea was, that, some time subsequent to the adoption of the present constitution, the plaintiff brought an action against the defendant upon the

same notes that are sued upon in this case, before a police magistrate, whose special jurisdiction before the adoption of the present constitution was to the extent of $500, the demand sued on being for $300 ; that, on appeal of the suit to the circuit court, judgment was there rendered for the plaintiff for $300.90, which judgment, on appeal to the Supreme Court, was reversed at the June term, 1872.

On the 5th day of November, 1872, in vacation, an order was entered by the judges of the Supreme Court, in that case, staying all proceedings therein until the further order of the court, which order remained in force until the 29th of January, 1873.

As the present suit was commenced during the time of the stay of proceedings under the above order, it is insisted that the former suit was still pending at the time the present one was commenced. The judgment in the former suit was reversed on the ground that the special act conferring special jurisdiction on the police magistrate, so far as it conferred jurisdiction on that officer beyond that conferred by the general law on justices of the peace and police magistrates, to wit: $100, was repugnant to that provision of the present constitution, which requires that the jurisdiction of justices of the peace and police magistrates shall be uniform, and was, to that extent, abrogated thereby ; and that, therefore, neither the police magistrate, nor the circuit court by appeal, had jurisdiction of that suit. The stay of proceedings above stated had no effect as respects the question here. The decision of the court reversing said judgment did not make the law ; it only declared what the law was at the time the former suit was commenced and judgment rendered therein, to wit: that the police magistrate had no jurisdiction of the suit. He not having jurisdiction thereof, the former suit was a nullity, and the plaintiff therein was at liberty, at any time after it was commenced, to bring another suit upon the same cause of action. The former suit was as no suit, and in legal contemplation there was not another suit pending

for the same cause of action at the time the present suit was brought.

The court below rightly found the issue joined upon the plea in favor of the plaintiff, and the judgment is affirmed.

*Judgment affirmed.*