Grider, adm'r; vs. Apperson & Co.

---

### GRIDER, ADM'R. VS. APPERSON & CO.

1. *Foreign suit: No defense.*

    An action pending in a foreign court cannot be pleaded in abatement of a proceeding upon the same cause of action in the courts of this State.

2. *Abatement: Pleas in, abolished, etc.*

    Under the present practice in this State pleas in abatement are abolished, and matter in abatement may be interposed in connection with matter in bar; and when the matter in abatement, at the commencement of the suit, has ceased to exist, the action will be permitted to progress as if it had never existed.

APPEAL from *Crittenden* Circuit Court.

Hon. L. L. MACK, Circuit Judge.

*Adams*, for appellant.

*Brown and Rose*, contra.

WALKER, J.:

The facts necessary to a proper understanding of the questions of law presented, are, that Isaac W. Burgett, a resident of Crittenden County, Arkansas, died at his redicence late in May, 1872.

At the time of his death he was indebted to E. M. Apperson & Co., of Memphis, Tennessee, for supplies furnished the deceased, to aid him in cultivating a crop in said county that year; letters of administration were granted in Arkansas, to Peter Burgett and Emma J. Burgett, who had the crop cultivated to maturity; to enable them to cultivate which, they procured supplies and advancements from Hill, Fontaine & Co., Memphis, Tenn., for the payment of which they shipped from the plantation in Arkansas, four bales of cotton in the month of October, 1872, to Hill, Fontaine & Co., at Memphis.

This cotton was attached by Apperson & Co. to pay the account which the intestate had contracted with them for supplies furnished.

The suit was brought by them against the administrators in Arkansas, and by supplemental bill against James A. Anderson, the administrator in Tennessee, and Hill, Fontaine & Co.

This suit was pending in Tennessee, on the 28th of July, 1873, at which time the same account sued on in Tennessee, was presented to the administrators in Arkansas for allowance and classification, which they refused.

On the 18th of January, 1875, the account was presented to the Probate Court for probate and classification. Whereupon the administrators filed their plea in abatement, in which they

set up the pendency of the suit in Tennessee upon the same cause of action, to which Apperson & Co. demurred.

The demurrer was sustained, and judgment rendered in favor of Apperson & Co.; from which the administrator Grider, who had been appointed administrator *de bonis non*, appealed to the Circuit Court.

Upon the trial *de novo* in the Circuit Court, the sufficiency of the plea was again brought before that court by demurrer, which was overruled, and Apperson & Co. filed a replication in which they alleged that since the filing of the plea in abatement, the action in Tennessee had been dismissed, and the costs paid.

The Circuit Court held the replication good, no further defense was interposed by the defendants, and final judgment was rendered in favor of Apperson & Co., from which the administrator has appealed to this court.

The rulings of the court below present the only question for our consideration.

It has not escaped our notice that this ancillary administration was had in Tennessee upon the ground that the property of the intestate was found in that State, and that the facts in this case very clearly show that the cotton attached was part of the estate which belonged to the administrators in Arkansas; it was in process of administration by them, they were chargeable with it as assets, and it certainly was not subject to other administration; but as no contest upon this point was raised in the court below, we need not press our consideration of it to ascertain whether in fact the court in Tennessee ever acquired jurisdiction of the case there.

We will, therefore, proceed to the consideration of the questions raised by the demurrer, as if the jurisdiction of the court was unquestioned, and as if valid suits between the same parties

for the same cause of action was pending, the one first brought in the State of Tennesee, the other in Arkansas.

Chitty, in his work on pleading, vol. 1, p. 453, says: "It may be pleaded in abatement that there is another action pending for the same cause, in the same or any other superior court at Westminster." But it will be seen that the author has no reference to actions pending in foreign courts.

Actions pending in foreign courts, such as courts in the different states, or in the United States Court in another circuit, or district, cannot be pleaded in abatement of another action brought. *Bowne & Seymour* v. *Joy*, 9 John., 221; *Newell* v. *Newton*, 10 Pick., 470; *Walsh* v. *Durkin*, 12 John., 99.

In the case of *Bowne & Seymour* v. *Joy*, the court say, the pendency of a suit in a foreign court by the same plaintiffs against the same defendants, for the same cause of action, is no stay or bar to a new suit introduced here.

This is the rule in the English courts, and it was carried so far in the case of *Maule* v. *Murray*, 7 Term Rep., 470, as not to regard a foreign judgment which was taken subject to a case then undecided, as to the amount, the *exceptio rei judicatæ* applies only to final sentences abroad, upon the merits of the case. 1 John. cases, 34:

Upon the authority of these decisions we should hold the plea in abatement of the action in Arkansas, because a former action was pending in Tennessee, a foreign court, was not sufficient, and should have been so adjudged upon demurrer, and when a demurrer was filed to the replication to it, by relation, the sufficiency of the plea was presented, under this rule, that a bad replication is a sufficient answer to a bad plea.

But testing the replication upon its own merits, it is insisted that it is defective, because at the time the plea in abatement was filed, the suit in Tennessee was pending, and, that as the plea

was good when filed, the subsequent dismissal of the suit could not defeat the plea by replying the existence of the subsequent fact, put in issue by the plea.

It is true that under the earlier and more strict rule of pleading, such would seem to have been the case. Chitty, at p. 454, says : " The plaintiff cannot, after a plea in abatement of the pendency of a prior suit, avoid the effect of the plea, by discontinuing the first action, which was pending at the time of the plea," and this rule was approved and adopted in the Court of Appeals in Kentucky. *Frogg's Ex'r,* v. *Long's Adm'r,* 3d Dana 156, in which Judge Ewing said : " It is well settled that if the plea of prior action, pending for the same cause be pleaded, and if true at the time when pleaded, that the plea cannot be defeated by a subsequent discontinuance of a prior action."

Such was, no doubt, the common law rule, under which, if the first suit had not been brought in a foreign court, the replication should have been held insufficient ; but under our Code practice, pleas in abatement, as such, have been abolished, and matter in abatement allowed to be interposed, in connection with pleas in bar, under a most liberal provision for amendments, intended to prevent delay, and bring the parties to issue upon the merits of the case.

The real ground of objection to the prosecution of the second suit was, that one suit for the same cause having been instituted, the defendant should not be harrassed with two suits, and two recoveries, but when the prior suit was dismissed, whether before or after plea pleaded, as the objection was removed, and the fact brought by replication to the knowledge of the court, there could be no substantial reason for denying it to be plead and proven.

This view of the case seems to have been taken under a more liberal practice in several of the courts. Thus, in the case of

*Chamberlain* v. *Echart*, 2 Bissell's Rep., 124. To a suit on a promissory note, the defendant pleaded in abatement the pendency of a suit in the State court; plaintiff replied that since the filing of the plea the suit had been dismissed. When considering the question thus presented, Judge Drummond said: "There is an opinion given by Chief Justice Parsons, proceeding on the ground, that a suit pending at the time of the commencement of the first suit, is a good plea; but this, I think, is not the present doctrine. At any rate, it is not the doctrine of this State; and I think it ought not to be, because when a suit is once commenced, and is dismissed, the fact that it was pending at the time the second suit was brought, is no reason why the court in which the second suit is commenced should not go on and adjudicate on the rights of the parties, because though there was a difficulty once, it is removed. When the suit was commenced there was an obstacle in the way, when the plea was pleaded there was the same obstacle in the way; but now, when the replication is filed, the obstacle is removed." *Beals* v. *Cameron*, 3d Howard's Practice, 414; *Averill* v. *Patterson*, 10 Id., 85, are decisions to the same effect.

These decisions meet our approval, and under them we must hold the replication good, and that the Circuit Court did not err in overruling the demurrer to the plaintiff's replication.

Let the judgment be affirmed.