AMANDA C. NICHOLS *vs.* STATE BANK OF MINNEAPOLIS.

`December 17, 1890.

**Dismissal by Entry Made by Attorney.**—An entry made and signed by the plaintiff's attorneys in the clerk's register, that "the above action is hereby dismissed," is effectual as a dismissal of the action.

Appeal by defendant from an order of the municipal court of Minneapolis, refusing a new trial after a verdict of $318.39 for plaintiff. The former action, mentioned in the opinion, was brought in the district court for Hennepin county.

*Fletcher & Dawson,* for appellant.

*James D. Shearer,* for respondent.

MITCHELL, J.   This was an action for damages for the conversion of the proceeds of a promissory note for $500, deposited by plaintiff with defendant as collateral security. The business with the bank in behalf of the plaintiff was transacted by her husband as her agent. She claims that the note was deposited as collateral security only for the payment of a note of $200, executed by her to the bank, and hence that she is entitled to the surplus of $300. The bank claims that it was deposited also as collateral for $300 due the bank from Nichols & Co., and that plaintiff was in fact Nichols & Co., and consequently that it had a right to apply the proceeds of the collateral to the payment of the $500. Plaintiff claims that it was her husband and not she who did business under the name of Nichols & Co. She also denies that her husband ever deposited the note as security for this debt of his, or that he had any authority to do so. The bank also pleads the pendency of a former action. The evidence shows that after the commencement of this action, but before trial, the plaintiff's attorneys, with consent and permission of the clerk of the court, made and signed an entry of dismissal of the former action in the register of actions, but it was not proved that notice of dismissal was served on the defendant. The fact that the first action was not dismissed until after the commencement of the second is not material. The important thing is that at the time of trial there be no other suit

on the same cause of action pending against the defendant, so that he is liable to be harassed by two suits for the same thing at the same time. *Page* v. *Mitchell*, 37 Minn. 368, (34 N. W. Rep. 896.) While the practice adopted in this case was irregular, yet we think that this entry made by the plaintiff's attorneys in the register was effectual to dismiss the action. It certainly was no longer pending so that the plaintiff could prosecute it further. In case the defendant, in ignorance of the dismissal, had taken subsequent steps in the action by which it had earned costs or made disbursements, the plaintiff would perhaps be liable for such costs and disbursements; but this we think would be the only effect of the failure to serve notice of dismissal.

2. To the point that the court erred in refusing to instruct the jury "that if they found that the plaintiff was Nichols & Co. the verdict must be for defendant," it is sufficient answer that it did, in substance, so instruct them in its general charge. As we understand the charge, the court instructed the jury, in effect, that plaintiff's right to recover was dependent upon their finding that plaintiff was not Nichols & Co., and that the collateral note was not hypothecated for the indebtedness of Nichols & Co. With this view of the law the defendant could certainly not find fault.

3. The record is so obscure that we can hardly see what connection the $100 "Langley note" has with the case. But conceding that defendant surrendered it with the understanding that it should hold the $500 note as security for the $300 due it from Nichols & Co., under no view of the law could that fact have any greater effect than to reduce plaintiff's claim against defendant by $100. Defendant's third request was therefore properly refused, as it in effect asked an instruction that on such a state of facts the verdict should be for the defendant.

4. The fourth request was also properly refused. In framing it counsel may have had in mind some correct view of law, but, if so, he has not expressed it accurately or even intelligibly. The evidence justified the verdict.

Order affirmed.