### Thomas O'Donnell et al. v. Sherwood Raymond, Adm'r.

1. PRACTICE—*What a Plea in Abatement Must Show.*—A plea in abatement, setting forth the pendency of another suit between the parties for the same subject-matter, must show that such former suit was still pending at the time the plea was filed.

Debt, upon a promissory note. Error to the City Court of Aurora; the Hon. RUSSELL P. GOODWIN, Judge presiding. Heard in this court at the October.term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

J. J. O'CONNOR, attorney for plaintiffs in error.

JAMES F. GALVIN and EDWARD M. MANGAN, attorneys for defendant in error; A. C. LITTLE, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On March 16, 1900, Thomas O'Donnell and Timothy O'Donnell, partners as O'Donnell Bros., commenced suit in the City Court of Aurora to the March term thereof, against Garrett Quinn, on a judgment which they had obtained against him in 1891, in the Circuit Court of Kane County, for the sum of $206. Before the first day of said term of said court, Quinn filed a petition in bankruptcy in the District Court of the United States for the Northern District of Illinois. When the case was called for trial in the City Court, the bankruptcy of Quinn was suggested. Afterward, at the same term, Quinn entered a motion to stay proceedings and the cause was thereupon continued to the next term of court, to be held in September, 1900. On April 23, 1900, O'Donnell Bros. began another suit before a

justice of the peace against Quinn to recover on the same judgment, remitting enough of their claim to bring it within the jurisdiction of the justice. Summons was issued returnable April 23d, according to the summons itself, and April 29th, according to the justice's docket.

It appeared from the evidence that Quinn had mortgaged his homestead; that the mortgage had been foreclosed; that the value of it was about $1,000 and that his right to redeem under the statute had expired at the time said suit was commenced against him before the justice of the peace. On the 28th day of April O'Donnell Bros. obtained an order from said District Court of the United States permitting them to prosecute said suit before said justice of the peace "for the sole purpose of preserving their rights to redeem certain real estate described in said petition." On April 29th the case before the justice of the peace was continued by consent of parties until May 2, 1900. On April 30, 1900, O'Donnell Bros., by their attorney, filed the following paper in the office of the clerk of said City Court in the cause which had been commenced to that court: "Now come the plaintiffs in vacation and dismiss the above entitled action by their attorney, J. J. O'Connor." On May 2, 1900, the cause commenced before the justice of the peace was tried by that official and at that time Quinn pleaded the pendency in the City Court of Aurora of said former suit upon said cause of action, in abatement of the suit before the justice. The justice, however, decided against Quinn upon that point and gave judgment in favor of the plaintiffs for $200 and costs. Execution was issued upon this judgment, which was returned by the constable "no property found" and the real estate above mentioned was then redeemed from the foreclosure sale by the O'Donnells. After the property had been redeemed as aforesaid, Quinn took an appeal from the judgment of the justice of the peace to the City Court of Aurora. On September 17, 1900, which seems to have been the first day of the September term of said City Court, an order was entered in term time, dismissing the first suit.

Afterward, at the March term, 1901, of said court, to which term the appeal case from the justice had been continued, said cause was, by agreement of the parties, submitted to the court.

It appears from the bill of exceptions, though not from the record, that at this trial the defendant Quinn again pléaded the pendency of said former suit in abatement of the case then on trial. The court upon the hearing gave a judgment on said plea in abatement in favor of the defendant Quinn, and this writ of error is sued out by plaintiffs below to reverse said judgment. Since the judgment was entered in this cause by the said City Court, Timothy O'Donnell and Garrett Quinn have both died and their respective administrators have been substituted as parties to this suit in their stead.

The question presented to us is whether the court erred in sustaining the plea in abatement, alleging the pendency of a former suit filed by the defendant below, Garrett Quinn, upon the trial of this cause. The law is well settled in this state that a plea in abatement setting forth the pendency of another suit between the parties, for the same subject-matter, must show that such former suit was still pending at the time the plea was filed. Ross v. Nesbit, 2 Gil. 252; Bancroft v. Eastman, Ib. 259; Garrick v. Chamberlain, 97 Ill. 620; Johnson v. Johnson, 114 Ill. 611.

To defeat a suit, therefore, under a plea in abatement of another suit pending, it must be shown, not only that the other suit was begun prior to the second suit, but that it was also still pending at the time the plea was filed. The question therefore arises whether the former suit was pending at the time Quinn filed his plea in abatement in this case. It is true plaintiffs in error could not dismiss their suit by filing in the clerk's office their paper attempting to accomplish that purpose on April 30, 1900, as a cause can not be dismissed in vacation. Bancroft v. Eastman, *supra.* The former suit was, however, dismissed at the September term, 1900, of the City Court, while the trial did not take place until several months afterward, at the next March

term. The former suit was therefore not pending at the time of the trial in the City Court. The fact that the plea in abatement was interposed orally before the justice of the peace will not avail defendant in error in this case. The trial before the City Court was a trial *de novo*, and not only was the trial *de novo*, but it was also necessary that the pleadings be entered into *de novo*.

Defenses relied upon and set up before a justice of the peace may or may not be renewed in the court to which the case may be taken by appeal and in this case the defense interposed by the oral plea in abatement before the justice, had to be renewed in the City Court in order to make it available. The plea in abatement relied on in the City Court was, according to the bill of exceptions, orally renewed at the trial of said cause on March 28, 1901, and we are of opinion that the plea must be taken as pleaded at the time it was so renewed, at which time there was no former suit pending. It follows from what is above said that the court erred in sustaining the plea in abatement.

The judgment entered in this case was very informal and defective, but both parties treat it as valid; and as in our view of the case the plea in abatement can not be sustained and the cause must be remanded for another trial, we deem it unnecessary to discuss the informalities of the judgment.

Reversed and remanded.