[No. 5647. Decided September 27, 1905.]

JOSEPH ROHRER, *Respondent,* v. GEORGE ROHRER, *Appellant.*[1]

TRUSTS—CONTRACTS—CONSTRUCTION. A written agreement by a grantee to account for the "net profits" of the real estate conveyed to his brothers and sisters, upon a "future distribution of heirship," will be held to mean the entire proceeds, and not the proceeds less the expense of the grantee's education in Europe, as claimed by him, where there was evidence to sustain a verdict to the effect that such was the intent of the parties.

ACCOUNTING—CONVERSION—PROCEEDS OF TRUST—REFUSAL TO ACCOUNT. The grantee of a deed who received the same in trust and promised to account for the proceeds to his brothers and sisters upon a "future distribution of heirship," cannot, after selling the land, and the death of his mother, avoid an accounting by asserting the invalidity of the deed made by him upon selling the property; and his refusal to account to the executor of the estate constitutes a conversion.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered December 29, 1904, upon

1 Reported in 82 Pac. 289.

the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, in an action for a conversion. Affirmed.

*Munter & Jesseph,* for appellant.

*A. H. Kenyon* and *H. M. Stephens,* for respondent.

Root, J.—Respondent, Joseph Rohrer, and his wife, Regina Rohrer, some years ago purchased, with community funds, certain real estate, in Switzerland, known as the "Seehof." Subsequently, and during the life of Regina Rohrer, said Joseph Rohrer executed and delivered to his son, appellant, George Rohrer, a warranty deed to said premises. Prior to the commencement of this action, said Regina Rohrer died, testate, respondent being designated and appointed as executor of her will. Respondent claims that said property was conveyed to appellant solely for the purpose of enabling the latter to sell the same for the use and benefit of respondent and wife. Appellant insists that the conveyance was for the purpose of enabling him to finish his studies in Europe. In connection with the transaction, appellant signed a certain instrument, of which the record furnishes us with two translations; one by appellant, as follows:

"The undersigned hereby promises to bring into account to his father or to his brothers or sisters at the eventual future distribution of heirship the net profits, which he will realize from the 'Seehof.'

"Sarnen, July 29, 1898. (Signed) George Rohrer."

The other translation, by respondent, is as follows:

"The subscriber promises herewith, when there will be a dealing of heritance to give in account what he will win from the Seehof to his father or to his brothers and sisters."

Subsequently appellant sold the property for $2,685, partly cash, and part in notes secured by mortgage. He neglected and refused to account to respondent, either in his individual capacity or as executor of Mrs. Rohrer's estate, for said proceeds or any part thereof. This action was brought, al-

leging a conversion, and seeking to recover the full amount of the consideration for which appellant sold said property. A verdict was returned for the full amount, in favor of respondent, and judgment entered thereupon. From said judgment this appeal is taken.

The principal question of fact was as to the purpose of the conveyance by respondent to appellant. Upon the evidence adduced, the jury decided this issue favorably to respondent. There is ample evidence to sustain the verdict in this particular.

The main part of appellant's argument is in support of the contention that the deed, executed by respondent to appellant, was void, as one spouse cannot convey community real estate without the other joining in the conveyance. Appellant argues that, in the absence of proof to the contrary, the law of Switzerland must be presumed to be the same as our own regarding the requisites to a legal transfer. Respondent answers that a contract made in a foreign state or country is presumed to have been made in accordance with the law of that country, in the absence of a showing to the contrary.

As to which of these presumptions should control in this case, we do not feel called upon to decide. The fact is admitted that a deed was made by respondent to appellant. By virtue thereof, he sold the property thereafter to somebody else, and received money and notes therefor. He did not account for these proceeds. His refusal to account for same constituted a conversion thereof. He argues that his grantee might come against him to recover the money paid, because of not receiving good title. We do not think appellant's answer herein supports such a defense, and do not think it would be efficacious, if presented. Respondent, as an individual and as executor, having prosecuted this action, would be estopped to question the validity of the deed. It would seem that appellant, having made a deed himself to the premises, whereby he sold them, would be estopped to

assert the illegality and insufficiency of these deeds—at least, prior to any objection being made by his grantee.

It is urged that appellant was not required to account until some future time. While the translations are somewhat conflicting and indefinite, yet we think it may be fairly held to have been a promise to account as soon as the proceeds were received, or at least as soon as any disposition should be undertaken of the estate of respondent or his wife. Her estate was in process of administration when this suit was instituted, and her executor is a party plaintiff herein. Several errors are alleged in the matter of admitting and excluding evidence, but we find none of a prejudicial character.

The jury having decided the questions of fact adversely to appellant, and no errors appearing in the rulings of the trial judge, the judgment appealed from is affirmed.

MOUNT, C. J., CROW, HADLEY, and DUNBAR, JJ., concur.