[Civ. No. 315. Third Appellate District.—February 21, 1908.]

## J. J. BUHMAN, JR., et al., Respondents, v. NICKELS & BROWN BROS. (a Corporation), Appellant.

UNLAWFUL DETAINER—INSUFFICIENT PLEA IN ABATEMENT—PENDENCY OF PRIOR APPEAL—DETERMINATION BEFORE PLEA.—In an action of unlawful detainer, where plaintiff claimed title under a confirmed executor's sale of the ranch involved in the action, and defendant claimed under a prior lease from the executors, conditioned for surrender thereof upon thirty days' notice to quit, sub-

ject to compensation, which was tendered by plaintiff, upon giving such notice and refused, where the only defense to the action is a plea in abatement that the lessee appealed from the decree confirming plaintiff's title, and that the appeal was pending when the action was commenced, but was determined before the answer was filed, the plea in abatement is insufficient, and a demurrer thereto was properly sustained.

Id.—Matter in Abatement must Exist at Time of Plea.—Matter in abatement of the plaintiff's action, to be available, must exist at the time of the filing of the plea; and a plea of a prior action pending is ineffectual, unless it is pending at the time of the plea.

Id.—Plea of Determination of Appeal—Character of Determination not Stated—Affirmance Judicially Noticed.—Where the plea of the pendency of the former appeal, when suit was brought, showed its determination before plea, but did not state the character of the determination, the fact that the decree of confirmation of sale appealed from by the lessee was affirmed will be judicially noticed by this court.

Id.—Measure of Damages—Value of Use and Occupation—Admission in Answer—Treble Rent not Involved.—Where the amount of the monthly value of the use and occupation of the premises wrongfully withheld is alleged in the complaint and not denied in the answer, the total value of such use and occupation from the date of the action to the date of the surrender of possession by the defendant was properly adjudged as the measure of damages under section 3334 of the Civil Code. The lease having been properly terminated by notice before suit, the trebling of the amount of monthly rent is not involved.

APPEAL from a judgment of the Superior Court of Napa County. H. C. Gesford, Judge.

The facts are stated in the opinion of the court.

Bell, York & Bell, for Appellant.

Webber & Rutherford, for Respondents.

BURNETT, J.—The action is unlawful detainer for the recovery of certain premises in the county of Napa and damages for the detention thereof.

Before trial defendant surrendered to plaintiffs the possession of said premises, thereby leaving for determination as the sole issue to be tried the question of damages for the

7 Cal. App.—38

use and occupation of said land from March 7, 1903, to and including August 31, 1903, the latter being the date of said surrender.

From the complaint the following facts appear: On December 15, 1900, one Charles Robinson died testate in the county of Napa; his will was admitted to probate and D. S. Kyser and E. W. Hottel were appointed executors thereof. On September 2, 1902, by an instrument in writing, said executors leased to defendant certain premises in said county known as the Robinson ranch for the term of one year, with the following proviso: "It is further mutually understood and agreed by the parties hereto, that in case of a sale of the demised premises the second party will quit and surrender the said premises upon thirty days' notice and the said first party will pay to the second party the actual cost or expense said second party may have been put to in putting any crop of hay or grain upon said premises." On the fifteenth day of October, 1902, pursuant to the terms of the will, the executors sold the property to plaintiffs and upon the return of said sale and after notice given the sale was confirmed by order of the superior court, December 30, 1902. In pursuance of said order the executors made and delivered a deed to plaintiffs on January 19, 1903. On February 4th following plaintiffs served upon defendant a written notice as provided in the lease, demanding the possession of said premises; on the 12th of February a demand was made upon defendant to furnish plaintiffs with a statement of the actual cost that defendant had incurred in putting in any crop on said premises; defendant refused to deliver possession and declined to furnish any statement of the said expense incurred by it; on March 6th plaintiff offered in writing to pay defendant the sum of $4 per acre for every acre that defendant had put to grain, said amount being sufficient to cover the entire cost; "that said defendant unlawfully holds over and continues in possession of said premises after demand made, and after the expiration of the time specified and provided in said written lease"; the monthly value of the rents and profits is $500 per month.

The only defense attempted to be set up in the answer filed February 21, 1906, which we are called upon to consider is that an appeal was taken by defendant to the supreme court

from the order of the superior court confirming the sale of
the property to plaintiffs, and "that said appeal from said
order or decree confirming said alleged sale to plaintiffs was
at the time of the filing of the complaint herein pending and
undetermined in the supreme court, and said appeal was
not determined until the nineteenth day of February, 1904
(and said alleged order or decree was during all of said time
and until the said nineteenth day of February, 1904, duly
stayed)."

There was a further and supplemental answer to the ef-
fect that defendant surrendered possession on August 31,
1903, but that is not involved in this appeal.

A demurrer to the answer was sustained and, defendant
declining to amend, judgment was entered for plaintiffs for
$1,255, from which the appeal was taken.

Appellant urges two grounds for reversal, but they are so
manifestly untenable as to require scarcely more than a mere
statement of them. The first is stated as follows: "The per-
fecting of the appeal from the decree confirming the sale of
the premises to respondents suspended all further proceedings
upon the order or decree appealed from," and quite a number
of decisions is cited to the effect that "where a suit is pending
in the supreme court on appeal the judgment below is sus-
pended for all purposes"; but the obvious reply is that at
the time this answer was filed setting up this plea in abatement
the appeal was not pending in the supreme court at all, but it
had been decided against appellant, the decision affirming the
judgment below, and had been the final judgment in the case
for two years. The answer discloses the time when the said
judgment was rendered by the supreme court but it is silent
as to its character. The court, however, would take judicial
notice of the judgment affirming the order of sale. (*Hollen-
bach* v. *Schnabel,* 101 Cal. 312, [40 Am. St. Rep. 57, 35 Pac.
872]; *Southern Pacific R. R. Co.* v. *Painter,* 113 Cal. 247,
[45 Pac. 320].) Hence, it having been finally adjudged at
the time the answer was filed that plaintiffs were the owners
of the property on and after January 19, 1903, and none of
the allegations of the complaint having been denied, there
was nothing for the court to do but to find for the plaintiffs
for the value of the unlawful use of the property by defend-
ant from March 7 to August 31, 1903. Under appellant's

contention respondents could never maintain an action for the unlawful detention of the property, for the reason that an appeal was taken from the judgment directing the conveyance of the property to plaintiffs. The vice of the position is found in the fact that appellant ignores the rule that "matter in abatement of the plaintiff's action must exist at the time of filing the plea. A plea of a pending suit is ineffectual unless the former suit is pending at the time the plea is filed." (*California Sav. & L. Soc.* v. *Harris*, 111 Cal. 137, [43 Pac. 526].) As we have seen, at the time the answer setting up the plea was filed the other suit was not pending but had been long since finally determined.

The other contention is equally without merit. It is asserted that respondents were entitled to recover only $750, being treble the amount of the rent provided in the lease. This conclusion is based upon the erroneous view that respondents sought to recover under the lease. The lease had been terminated by the notice given and defendant was unlawfully holding over under a claim that it had the right to retain possession by virtue of a perfected appeal. Hence the action was for the value of the use of the property, as provided in section 3334 of the Civil Code. This value was alleged to be $1,255 and this was not defined by the answer.

There is no merit in the appeal and the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.