MANUFACTURERS' BOTTLE COMPANY *vs.* TAYLOR-STITES
GLASS COMPANY.

Suffolk. November 18, 1910. — May 18, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Plea in abatement, Set-off. *Lis Pendens.*

In an action of contract the pendency of another action for the same cause by the
. plaintiff against the defendant, in the form of a declaration in set-off filed by him
in a previous action, is as good a reason for an answer in abatement as is the
pendency of an original and independent suit for the same cause of action.

Review by KNOWLTON, C. J., of decisions of this and of other courts with regard
to what disposition should be made of pleas in abatement founded upon the pen-
dency of another action for the same cause, where, before action upon the plea
was called for, the previous action was disposed of.

*It seems,* that it is more equitable, where a second action is brought for a cause that
was made the foundation of a former action which is defective in some essential
particular, to allow the plaintiff to discontinue the former action upon proper
terms and to proceed with the later one, rather than to order an abatement of
the last action and to compel him to begin anew after the termination of the
first.

A defendant in an action filed a declaration in set-off, to which the plaintiff de-
murred. Later, and while the former action was pending, the defendant brought
a separate action against the plaintiff for the same cause as that alleged in the
declaration in set-off and in the second action the defendant filed a plea in abate-
ment, based on the pendency of the claim in set-off. A determination of the
plea was postponed until a determination of the issue raised by the demurrer
to the declaration in set-off in the first action. That demurrer being sustained
by this court on the ground that the claim alleged in the declaration in set-off
was unliquidated, the plea in abatement in the second suit was overruled. *Held,*
that the plea was overruled properly ; although, *it was intimated,* that a better
course to have adopted when action upon the plea in abatement first was asked
for might have been to have ordered an abatement unless the declaration in
set-off was abandoned, that is, to have compelled an election between the two
actions.

KNOWLTON, C. J. On July 12, 1906, the defendant in this
case brought in the Superior Court an action against the present
plaintiff, to which the defendant in that case filed a declaration
in set-off. To this declaration in set-off a demurrer was filed,
and litigation continued upon the issue raised by these pleadings
until a decision was rendered and a rescript sent by this court
in favor of the plaintiff in that suit, on February 25, 1909, which
decision appears in *Taylor-Stites Glass Co.* v. *Manufacturers'*

*Bottle Co.* 201 Mass. 123.* On December 19, 1907, this suit was brought upon the same cause of action that was set out in the declaration in set-off in the former suit, and on January 21, 1908, an answer in abatement was filed, setting up the bringing of the former suit, and the declaration in set-off therein for the same cause of action as that which is the foundation of the present suit, and that the former action was still pending. This answer was sustained in the Municipal Court; but upon an appeal to the Superior Court the answer, after a hearing, was ordered to stand until the demurrer in the former suit should be disposed of. After the entry of judgment in accordance with the rescript in the former suit, the answer in abatement in the present case was brought up again and overruled.† The case is now before us upon an exception to the order overruling the answer in abatement.

The declaration in set-off, filed under the provisions of the R. L. c. 174, is a statement of an action in favor of the defendant for the amount claimed in the declaration, and in substance and effect it is, in most particulars, like the bringing of an independent suit to recover the sum alleged to be due. *Looney* v. *Looney*, 116 Mass. 283, 286. *Green* v. *Sanborn*, 150 Mass. 454. *Squier* v. *Barnes*, 193 Mass. 21, 24. The pendency of an action by a defendant, in the form of a declaration in set-off, is as good a reason for an answer in abatement to a subsequent action upon the same claim, as is the pendency of an original and independent suit for the same cause of action. This has been held in different cases. It rests on sound principles, and we know of no decision to the contrary. *Pennsylvania Railroad* v. *Davenport*, 154 Penn. St. 111. *Demond* v. *Crary*, 1 Fed. Rep. 480. *Woody* v. *Jordan*, 69 N. C. 189, 197. *Banigan* v. *Woonsocket Rubber Co.* 22 R. I. 93. *Snodgrass* v. *Smith*, 13 Ind. 393. *Lock* v. *Miller*, 3 Stew. & P. 13.

The question arises whether the facts that the cause of action was one that could not be enforced under a declaration in set-off and that the first suit had been ended before the entry of the

---

* It was decided that the claim stated in the declaration in set-off, being a claim for damages which were unliquidated, could not be maintained in set-off.

† By *Hitchcock,* J.

order overruling the answer in abatement, to which exception was taken, justified the decision of the Superior Court.

At common law and in the early practice of the courts in this country, the doctrine that one should not be vexed by the pendency of two actions for the same cause, at the same time, was enforced with great strictness.   The subject was fully and ably considered by Chief Justice Parsons in *Commonwealth* v. *Churchill*, 5 Mass. 174, and it was held to be sufficient to abate a writ, that a former action for the same cause was pending when the second suit was begun, even if it was discontinued or otherwise disposed of before the plea in abatement was filed. It was implied, if not distinctly decided, that if the second writ was for the same cause of action, the suit must be deemed vexatious if it was begun while the former was pending, without reference to the reasons for bringing it.   This case has been followed and the rule applied with strictness in some other courts.   *Gamsby* v. *Ray*, 52 N. H. 513.   *Demond* v. *Crary*, 1 Fed. Rep. 480.   *Le Clerc* v. *Wood*, 2 Pinney, 37.   *Frogg* v. *Long*, 3 Dana, 157.   *Merriam* v. *Baker*, 9 Minn. 40, 44.   *Orman* v. *Lane*, 130 Ala. 305.

But later adjudications, a part of them by some of the same courts whose decisions are cited above, are more liberal in favor of plaintiffs who have brought a second suit during the pendency of the first, for the same cause of action, for the purpose of curing a defect in the former proceedings, or who have discontinued the first action before the decision of the court upon the plea in abatement in the second action.   Cases permitting an inquiry as to whether the second suit was justified, by reason of defects or peculiar conditions in the former one, are the following: *Quinebaug Bank* v. *Tarbox*, 20 Conn. 510.   *Downer* v. *Garland*, 21 Vt. 362.   *Blackwood* v. *Brown*, 34 Mich. 4.   *State* v. *Dougherty*, 45 Mo. 294.   *Griffin* v. *Levee Commissioners*, 71 Miss. 767. *Norfolk & Western Railroad* v. *Nunnally*, 88 Va. 546.   *Rogers* v. *Hoskins*, 15 Ga. 270.   *Gilmore* v. *Georgia Railroad & Banking Co.* 93 Ga. 482.   *National Express & Transportation Co.* v. *Burdette*, 7 App. Cas. (D. C.) 551.   *Phillips* v. *Quick*, 68 Ill. 324.   *Byne* v. *Byne*, 1 Rich. (S. C.) 438.   *Langham* v. *Thomason*, 5 Texas, 127.

Cases stating the doctrine that a plea in abatement, founded on the pendency of a former action for the same cause, may

be avoided by the discontinuance or other termination of the former action after the plea is filed are *Banigan* v. *Woonsocket Rubber Co.* 22 R. I. 93; *Wilson* v. *Milliken,* 103 Ky. 165; *Warder* v. *Henry,* 117 Mo. 530; *Page* v. *Mitchell,* 37 Minn. 368; *Nichols* v. *State Bank,* 45 Minn. 102; *Moorman* v. *Gibbs,* 75 Iowa, 537; *Trawick* v. *Martin Brown Co.* 74 Texas, 522; *Grider* v. *Apperson Co.* 32 Ark. 332; *Chamberlain* v. *Eckert,* 2 Biss. 124; *Moore* v. *Hopkins,* 83 Cal. 270; *Dyer* v. *Scalmanini,* 69 Cal. 637; *Porter* v. *Kingsbury,* 77 N. Y. 164, 167; *Crossman* v. *Universal Rubber Co.* 127 N. Y. 34, 39; *Toland* v. *Tichenor,* 3 Rawle, 320, 324; *Findlay* v. *Keim,* 62 Penn. St. 112, 117, 118; *Winner* v. *Kuehn,* 97 Wis. 394, 397, 398; *Farris* v. *Hayes,* 9 Ore. 81, 87.

There is similar liberality to plaintiffs in such cases under the present rules of practice in England. See *Haigh* v. *Paris,* 16 M. & W. 144; *McHenry* v. *Lewis,* 22 Ch. D. 397.

We are of opinion that it is more equitable, where a second action is brought for a cause that was made the foundation of a former suit which is defective in some essential particular, to allow the plaintiff to discontinue the former suit upon proper terms, and proceed with the later one, rather than to order an abatement of the last action, and compel him to begin anew after the termination of the first suit.

In the present case it appears that the claim could not be maintained under the declaration in set-off, because it was unliquidated. Perhaps it would have been better to have compelled the plaintiff to elect between the two actions when the answer in abatement first came up for a hearing in the Superior Court, by an order for an abatement, unless the declaration in set-off was abandoned. But we have no occasion to consider this question, as the exception is only to the order made at the last hearing.

*Exceptions overruled.*

*F. G. Bauer,* (*J. M. Fowler* with him,) for the defendant.
*W. Charak,* for the plaintiff.