### BROWN v. DOAK COMPANY.

[No. 11,005.   Filed December 9, 1921.]

1. APPEAL.—*Questions for Review.*—*Ruling on Plea in Abatement.*—*Ground for New Trial.*—*Independent Assignment of Error.*—Where the motion for new trial recited that defendant "separately and severally moves the court for a new trial of the cause, and separately and severally moves the court for a new trial of the issues formed by defendant's plea in abatement," and then set forth the specific reasons for the motion as to the plea in abatement, and where defendant, in his assignment of errors, independently assigned as error the court's ruling and decision on the issues on the plea in abatement, the question as to the ruling on the plea in abatement was properly presented for review.   p. 132.

2. PLEADING.—*Overruling Plea in Abatement.*—*Motion for New Trial.*—*Time for Filing.*—Where the court denied defendant's plea in abatement, it was not necessary for defendant to file a motion for new trial as to the issues on such plea, and for the court to determine such motion before the trial of the issues in bar.   p. 133.

3. APPEAL.—*Judgments Appealable.*—*Judgment on Plea in Abatement.*—A judgment for plaintiff on a plea in abatement by the defendant is not a final judgment, and no appeal lies from such a judgment alone.   p. 133.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by the Doak Company against John C. Brown.

From a judgment for plaintiff, the defendant appeals. *Transferred to the Supreme Court.*

*Thomas F. O'Mara* and *Clay A. Phillips,* for appellant.
*George E. Osburn* and *Josiah T. Walker,* for appellee.

NICHOLS, P. J.—This action was originally brought October 14, 1919, before a justice of the peace in Harrison township, Vigo county, Indiana, for the recovery of possession of a certain house and lot in the city of Terre Haute, and for damage for the detention thereof. The cause was begun and tried before the justice of the peace after the "overruling" of appellant's plea in abatement filed October 20, 1919, setting up the pendency of another action between the same parties for possession of the same real estate. Judgment was rendered against appellant who appealed to the superior court of Vigo county No. 2, and later a change of venue was taken to the circuit court of Sullivan county where the cause was again tried, first, upon appellant's said plea in abatement, to which appellee filed a reply March 18, 1920, upon which issue a finding and judgment was rendered against appellant; and second, upon the issue raised by appellee's complaint, resulting in a finding and judgment against appellant, from which this appeal is taken. The action is predicated upon a written lease and appellant is alleged to have unlawfully held possession of the house and lot described because of failure to pay rent in advance as provided in the terms of the lease. Upon the trial of the issues on the plea in abatement it was agreed that the averments in the plea and the reply thereto are true. These averments are in substance that before the bringing of this suit, to wit: On September 11, 1919, in the office of and before a justice of the peace of Harrison township, Vigo county, Indiana, appellee in this action brought an action against appellant for possession of the same real estate

as here involved and for damages for the detention thereof. Said cause of action at the time of filing the plea was pending and had never been dismissed. The parties in said cause of action were the same as herein, that the subject matter was identical; and the demand was for the possession of the same real estate and for damages for its detention. Said suit was by the order of appellee's secretary to its agent and attorney ordered dismissed, and the office of the justice of the peace before whom said action was pending was authorized to dismiss said suit, and that prior to the trial of this cause, appellee caused to be deposited in the office of the clerk of Vigo county the costs of the said cause of action. We assume the trial referred to, to be the trial before the justice of the peace. The dismissal of said cause was not entered of record for the reason that the justice of the peace who had jurisdiction of said cause was sick and thereafter died. As soon as the commissioners of Vigo county, appointed a succeeding justice of the peace, the motion to dismiss the said cause of action was sustained, the dismissal entered of record October 30, 1919, and the court costs were paid. All of the above transpired prior to the venuing of this cause to the Sullivan Circuit Court.

Counsel for appellee contend that no question is presented on the plea in abatement for the reason that a separate motion for a new trial on that issue was 1. not filed, but we are not impressed with the merit of this contention. The motion "separately and severally moves the court for a new trial of the cause, and separately and severally moves the court for a new trial of the issues formed by defendant's plea in abatement," and then follows with specific reasons for such motion as to the plea in abatement. In addition to this, appellant has in his assignment of errors independently assigned as error the court's ruling and decision on the

issues on the plea in abatement. Appellee's contention that the motion for a new trial as to the issues on the plea in abatement should have been filed and determined before the trial of the issues in bar is also untenable. Such a procedure would of necessity entail a delay while the court considers and passes upon such motion for a new trial, and at the losing party's option, while the court of appeal reviews the trial court's action, during which time the trial of the cause on its merits must rest in abeyance. A judgment for plaintiff on a plea in abatement by the defendant is not a final judgment, and no appeal lies from such a judgment alone. *Bluffton, etc., Co.* v. *Moore-Mansfield, etc., Co.* (1915), 60 Ind. App. 567, 109 N. E. 406. The motion for a new trial must of necessity be after the trial of the cause on its merits. We hold that the question on the plea in abatement is presented for our consideration.

It clearly appears from the facts to which both parties have agreed that the first cause of action was pending at the time that the second was commenced, and that it was not dismissed until after the plea in abatement was filed. Appellee's contention that it is sufficient to defeat a plea in abatement setting up a prior action, to show that such prior action has been dismissed before the trial of the plea is supported by the great weight of authorities outside of this state.

*Buhman* v. *Nickels & Brown Bros.* (1908), 7 Cal. App. 592, 95 Pac. 177, holds that in an action for unlawful detainer, where the only defense to the action is a plea in abatement that the lessee appealed from a decree confirming the plaintiff's title, and that the appeal was pending when the action was commenced, but was determined before the answer in abatement was filed, such plea is insufficient, and the demurrer thereto was properly sustained, the court stating that matter in

abatement of the plaintiff's action, to be available, must exist at the time of the filing of the plea, and the plea of a prior action pending is ineffectual unless it is pending at the time of the plea.

In *O'Donnell* v. *Raymond* (1902), 106 Ill. App. 146, it was held that a plea in abatement setting forth the pendency of another suit between the parties for the same subject-matter, must show that such former suit was still pending at the time the plea was filed.

In *Wright* v. *Keifer* (1907), 131 Ill. App. 298, the court says: "Under the authorities we think it is settled law that a plea of a former suit pending is not available as a defense, unless the former suit is effectual and the plaintiff can obtain his remedy therein as completely as by the second suit. *Branigan* v. *Rose,* 3 Gilm. 123, 128; *Phillips* v. *Quick,* 68 Ill. 324, 325; 1 Ency. Pl. & Pr., p. 754.   *  *  *   In New York it is settled law that a discontinuance of the first suit after the commencement of the second suit may be shown in answer to the plea, and in this respect the stringency of the ancient rule has been relaxed. *Porter* v. *Kingsbury et al.,* 77 N. Y. 164, 167.   In *Willson* v. *Milliken,* 42 L. R. A. 449, 461, the Kentucky Court of Appeals say, after stating the old rule: 'The more modern rule seems to be that the objection of a former suit pending is removed by its dismissal or discontinuance, even after the plea in abatement in the second suit. *Warder* v. *Henry,* 117 Mo. 530; *Trawick* v. *Martin Brown Co.,* 74 Tex. 522; *Grider* v. *Apperson,* 32 Ark. 332; *Findlay* v. *Keim,* 62 Pa. State, 112, 117; *Moorman* v. *Gibbs,* 75 Iowa 537; *Nichols* v. *State Bank,* 45 Minn. 102, and numerous others.' We think that a more just and reasonable rule, and so hold to be the law."

In *Adams* v. *Gardiner* (1852), 13 B. Mon. (Ky.) 197, defendants pleaded in abatement that a former suit had been brought by the plaintiff against them in the same

court for the same cause, which, after having been abated as to one of the defendants, was pending when a subsequent action was commenced, and until the day of the then present term, when it was dismissed by the plaintiff, for proof of which they refer to the record. The plea was adjudged bad on the ground that the former suit had been dismissed before the filing of the plea, which appeared on its face. The court says: "Though there is some diversity in the authorities as to the necessity of averring in such a plea that the former suit is still pending, we are of the opinion that the dismissal of the first suit, before the plea is filed in the second, removes every substantial ground for abating the second. The presumption is, that when a party brings a second action while a prior one for the same cause is pending, that he labors under some disadvantage in the first suit which renders the second necessary, though with the certainty of incurring the costs of one of them. And the dismission of the first action at the earliest opportunity after the commencement of the second, tends to negative the presumption that the proceeding was intended to vex and harass the other party."

In *Wales* v. *Jones* (1849), 1 Mich. 254, plaintiff commenced two suits against defendant on the same day, for the same cause of action,—one by declaration, and the other by attachment. The court presumed, nothing appearing on the record to the contrary, that the suit by declaration was first commenced, and held that a plea of that suit in abatement of the attachment suit was bad, because the plea did not state that it was still pending.

The case of *Mfrs. Bottle Co.* v. *Taylor-Stites Glass Co.* (1911), 208 Mass. 593, 95 N. E. 103, was a case wherein a plea in abatement for the reason that another action was pending was overruled. The court says: "At common law and in the early practice of the courts in

this country, the doctrine that one should not be vexed by the pendency of two actions for the same cause, at the same time, was enforced with great strictness. The subject was fully and ably considered by Chief Justice Parsons in *Commonwealth* v. *Churchill,* 5 Mass. 174, and it was held to be sufficient to abate a writ, that a former action for the same cause was pending when the second suit was begun, even if it was discontinued or otherwise disposed of before the plea in abatement was filed. It was implied, if not distinctly decided, that if the second writ was for the same cause of action, the suit must be deemed vexatious if it was begun while the former was pending, without reference to the reasons for bringing it. This case has been followed and the rule applied with strictness in some other courts. *Gamsby* v. *Ray,* 52 N. H. 513; *Demond* v. *Crary,* 1 Fed. Rep. 480; *LeClerc* v. *Wood,* 2 Pinney 37; *Frogg* v. *Long,* 3 Dana 157; *Merriam* v. *Baker,* 9 Minn. 40, 44; *Orman* v. *Lane,* 130 Ala. 305. But later adjudications, a part of them by some of the same courts whose decisions are cited above, are more liberal in favor of plaintiffs who have brought a second suit during the pendency of the first, for the same cause of action, for the purpose of curing a defect in the former proceedings, or who have discontinued the first action before the decision of the court upon the plea in abatement in the second action. Cases stating the doctrine that a plea in abatement, founded on the pendency of a former action for the same cause, may be avoided by the discontinuance or other termination of the former action after the plea is filed are * * *. There is similar liberality to plaintiffs in such cases under the present rules of practice in England. *Haigh* v. *Paris,* 16 M. & W. 144; *McHenry* v. *Lewis,* 22 Ch. D. 397." The court then states that: "We are of opinion that it is more equitable, where a second action is brought for a cause that was made the foundation of a

former suit which is defective in some essential particular, to allow the plaintiff to discontinue the former suit upon proper terms, and proceed with the later one, rather than to order an abatement of the last action, and compel him to begin anew after the termination of the first suit." Other authorities to the same effect are: *Howell* v. *Howell* (1911), 171 Ala. 502; *Grider* v. *Apperson & Co.* (1877), 32 Ark. 332 (not cited); *Dyer* v. *Scalmanini* (1886), 69 Cal. 637; *Nichols* v. *State Bank* (1890), 45 Minn. 102; *Warder* v. *Henry* (1893), 117 Mo. 530; *Peterson* v. *City of Butte* (1911), 44 Mont. 129; *Grubbs* v. *Ferguson* (1904), 136 N. C. 60; *Averill* v. *Patterson* (1853), 10 N. Y. 500; *Gardner* v. *Kiehl* (1897), 182 Pa. St. 194; *Archer* v. *Ward* (1853), 9 Gratt. (50 Va.) 622; *Wright* v. *Suydam* (1913), 72 Wash. 587; *Harris* v. *Fidalgo Mill Co.* (1905), 38 Wash. 169, 82 Pac. 289.

While it was formerly the rule of the common law that a plaintiff could not, after a plea in abatement, based upon the pendency of a prior suit, avoid the effect of such plea by discontinuing the prior action, it is apparent from the foregoing authorities that it is now generally held that a reply to a plea of the pendency of a prior action for the same cause that the prior suit has been dismissed or discontinued, whether before or after the filing of the plea, is good as against demurrer.

But we are confronted with the case of *Lee* v. *Hefley* (1863), 21 Ind. 98, in which it is held that where the pendency of another action for the same cause between the same parties is pleaded in abatement, it is not necessary to aver that the action is still pending, because it is sufficient to abate the second action to show that the first action was pending at the time the second action was commenced. This case is cited with approval in the case of *Hale* v. *Miller* (1892), 131 Ind. 80, 30 N. E. 884. The rule of law there announced is not in har-

mony with the great weight of authority and as it seems to us is a harsh rule, and not conducive to the ends of justice.    We therefore transfer this case to the Supreme Court for its consideration and respectfully recommend that the case of *Lee* v. *Hefley, supra,* be overruled.