PIETRO PATALANO *vs.* VINCENZO CAMMARANO.

Suffolk.     November 12, 1935. — December 31, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil,* Abatement.

The abatement of an action was required as matter of law where it was brought while another action between the same parties and for the same cause, not defective in any material particular, was pending, though in the second action a mortgagee of the defendant's person-alty was summoned as trustee and the first action was discontinued before hearing on the answer in abatement in the second.

CONTRACT. Writ in the Municipal Court of the City of Boston dated August 14, 1934.

The defendant filed an answer in abatement which was overruled by *Adlow,* J. From an order by the Appellate Division dismissing a report, the defendant appealed.

*V. Mottola,* for the defendant.
*B. L. Goldenberg,* for the plaintiff.

PIERCE, J. This is an action of contract for goods sold and delivered.

The defendant filed an answer in abatement, to the effect

that at the time the plaintiff brought this action in the Municipal Court of the City of Boston there was pending in that court an action between the same parties for the same cause of action. At the hearing on the answer in abatement there was evidence that, by writ dated July 18, 1934, the plaintiff brought an action against the defendant which was entered in the Municipal Court of the City of Boston on August 11, 1934; that while said action was pending the plaintiff, by writ dated August 14, 1934, brought the present action against the defendant which was entered in the same court on September 1, 1934, together with a declaration alleging the same cause of action as set out in the earlier action; that counsel for the plaintiff was informed by counsel for the defendant on August 20, 1934, that there was a prior action between the same parties for the same cause pending in the Municipal Court of the City of Boston; and that on September 4, 1934, the day the defendant filed his answer in abatement, the plaintiff discontinued his first action.

At the trial it "was agreed by counsel that both actions are between the same parties and for the same cause, except that in the second action, a mortgagee of the defendant's personalty, was summoned as trustee"; and "It was also agreed by counsel that the first action was pending when the second action was commenced and entered in court."

At the hearing on the answer in abatement, the defendant requested and the court ruled: "1. That an action is pending until it has gone to judgment . . . 2. That a court of law will not commonly permit a plaintiff to prosecute an action when there is pending another action for the same cause between the same parties . . . 4. A court of law will allow the prosecution of a second action for the same cause between the same parties only where the second action has been justified by reason of defects or peculiar conditions in the former one or to the broader relief available in the second action." He refused to give the third request, which reads: "3. That a court of law will abate a second action for the same cause even if the first action is discontinued or otherwise disposed of before a hearing on the

plea in abatement." The judge ruled that the third request was "not conclusive." He overruled the answer in abatement and filed the following statement: "I find that second action differs from the first in that second is a mortgagee-trustee proceeding."

The report contains all the evidence material to the questions reported. The defendant claimed to be aggrieved by the overruling of his answer in abatement, and also by the refusal to rule as requested, and the judge reported the case to the Appellate Division for determination.

The only legal question is whether the judge was required to abate the present writ because of the action earlier brought for the same cause which was discontinued by the plaintiff on September 4, the day the defendant filed his answer in abatement. We assume judgment of nonsuit has been entered in the first action. As to the refusal of the judge to give request numbered 3, the plaintiff concedes "that at common law the rule applicable to pleas in abatement because of a prior pending action between the same parties for the same cause, and in the same jurisdiction, was enforced with great strictness in favor of defendants." He contends, however, on the supposed authority of *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.* 208 Mass. 593, 595, that the common law rule is no longer applied with strictness, but is construed with more liberality "in favor of plaintiffs who have brought a second suit during the pendency of the first, for the same cause of action, for the purpose of curing a defect in the former proceedings, or who have discontinued the first action before the decision of the court upon the plea in abatement in the second action." The plaintiff quotes from the opinion in the case above cited the paragraph on page 596, which reads: "We are of opinion that it is more equitable, where a second action is brought for a cause that was made the foundation of a former suit which is defective in some essential particular, to allow the plaintiff to discontinue the former suit upon proper terms, and proceed with the later one, rather than to order an abatement of the last action, and compel him to begin anew after the termination of the first suit." See also *Consolidated*

*Ordnance Co.* v. *Marsh,* 227 Mass. 15, and *Alpert* v. *Mercury Publishing Co.* 272 Mass. 39. The plaintiff accordingly contends that the third request was denied rightly, because to give it would mean that the judge had no discretion in such matters and could not possibly dismiss a plea in abatement even for a cause such as existed in *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.* 208 Mass. 593. On the issue, Did the judge rightly overrule the answer in abatement, the plaintiff contends, on the grounds put in support of the denial of the defendant's third request, that the judge had power to exercise his discretion in determining as to whether or not the present action was as a matter of fact vexatious, and that such finding of fact, if made, is conclusive and cannot be revised by this court if there is any evidence to support it.

To these positions there are three obvious answers. (1) The writ in the common form used in the first action gave the plaintiff as full, complete and adequate remedy as the writ in trustee process gave in the second action, provided the plaintiff at any time during the pendency of the action had sought the issuance of a special precept under G. L. (Ter. Ed.) c. 223, § 85, which reads: "At any time during the pendency of an action, suit, libel, petition or other proceeding at law or in equity, upon the commencement of which an arrest or attachment is authorized by law, the court for cause may, on motion ex parte, order such arrest of the defendant or such attachment of his property by trustee process or otherwise to secure the judgment or decree which the plaintiff may obtain in said cause"; see also G. L. (Ter. Ed.) c. 223, § 79, which provides that a plaintiff may summon a mortgagee as trustee of the defendant's goods and inquire as to the validity of the mortgage. (2) There is no contention that the foundation of the first action, that is, the statement of material facts as set forth in the declaration, was fatally defective in any essential particular which needed to be cured. (3) Assuming the pendency of the first action abated the second action at common law, as the plaintiff concedes it does, the judge had no discretion in an action at law to overrule the answer in abatement as the courts of England have under their rules of practice. See § 24 (5)

of the supreme court of judicature act, 1873, 36 & 37 Vict. c. 66. It follows that the order of the Appellate Division "Report dismissed" is reversed, the answer in abatement is allowed, and the writ quashed.

*So ordered.*